## No. 6881.

### J. W. MONTGOMERY VS. THE LOUISIANA LEVEE COMPANY.

Corporations can not be sued in any other but the courts of their domicile for dam-ages arising out of their passive breaches of contract. It is only for damages caused by an ·active breach of contract that they can be sued away from their domicile, and in the parish where the damage has been done.

APPEAL from the Thirteenth Judicial District Court, parish of East Carroll. *Hough*, J.

*J. W. Montgomery*, appellant, for himself.

*Thomas Gilmore* and *John A. Campbell* for defendants and appellees.

The opinion of the court was delivered by

MARR, J.   This suit was brought to recover of the defendant com-pany damages *ex contractu* under section two, sub-section five, of act No. 4 of 1871, for failing or neglecting to keep up to the standard dimensions

| 30 | 607 |
|----|-----|
| 48 | 323 |
| 48 | 327 |
| 30 | 607 |
| 52 | 2139 |
| 30 | 607 |
| 110 | 749 |
| 30 | 607 |
| 116 | 128 |
| 30 | 607 |
| e118 | 90 |
| ·30 | 607 |
| 121 | 520 |

a certain levee, in consequence of which plaintiff's plantation was inundated by the overflow of the Mississippi river.

The company, through its president, excepted to the jurisdiction of the district court of Carroll parish, in which the suit was brought, on the ground that the domicile of the president and the domicile of the company corporation was at the city of New Orleans. This exception was sustained, and the suit dismissed; and our inquiry is limited to the correctness of that judgment.

Plaintiff relies on article 165, No. 9, of the Code of Practice, which is as follows:

" In all cases where any corporation shall commit trespass, or do any thing for which an action for damages lies, it shall be liable to be sued in the parish where such damage is done or trespass committed."

The general rule in civil matters is, " that one must be sued before his own judge, that is to say, before the judge having jurisdiction over the place where he has his domicile or residence." C. P., article 162.

It is a familiar rule that statutes in derogation of a common right must be construed strictly. The entire article, 165, is an exception to the general rule established by article 162, and in derogation of the common right of every resident of the State of Louisiana to be sued at the place of his domicile or residence.

Section two, sub-section five, of the act of 1871, No. 4, p. 34, imposed upon the defendant company liability in damages for failing or neglecting, etc.; and the argument of plaintiff is that No. 9 of article 165 of the C. P. authorizes the liability incurred under this sub-section to be enforced by suit in the parish in which the damage is done. It seems to us that this view can not be maintained.

In addition to the rule, already mentioned, that statutes in derogation of a common right must be construed strictly, the entire phraseology of No. 9 of article 165 shows that the legislature contemplated the active violation of some right, the committing of a trespass, or the *doing* of some other illegal thing, which gives rise to an action for damages, in order to deprive corporations of the benefit of the general rule, the common right, recognized and formulated in article 162, of being sued at the place of their domicile.

It would have been competent for the legislature to have declared that the liability of corporations for damages resulting from trespass or any other act, or from mere inaction or failure or neglect, might be enforced by suit in any parish in which the damage was done. But what the legislature might have done, and what the legislature has done, are entirely different; and we are to deal, judicially, with what the legislature has done, not with what it might have done but has not chosen to do.

Montgomery vs. the Louisiana Levee Company.

The plain language of No. 9 of article 165 of the Code of Practice is, that for things done, for acts of *commission,* for which an action for damages lies, the suit may be brought in the parish in which the damage is done; but that this rule does not apply to *omissions,* neglect, or failure to do, because wrongs of this latter class are not only not mentioned in this article, but are excluded by the use of the words *commit* and *committed, do* and *done,* which necessarily imply action.

It was a necessity of plaintiff's case to sue *ex contractu,* in order to avoid the prescription of one year, which would have been applicable to an action *ex delicto;* and he maintains in his brief that this is an action *ex contractu,* under sub-section five, section two, of act No. 4 of 1871. We have dealt with the case upon that theory, which we accept as correct. We think that No. 9, of act 165, of the C. P. relates exclusively to actions for damages caused by positive acts, *commission;* that it does not include actions for damages resulting from neglect or failure, *omission;* and that the district court of Carroll parish was without jurisdiction.

The judgment appealed from is, therefore, affirmed.

SPENCER, J. I dissent from the decision of the court, and reserve the right to file my reasons.