## No. 11,430.

## PHILIP DAVE VS. MORGAN'S LOUISIANA & TEXAS RAILROAD AND STEAMSHIP COMPANY.

On the hearing of an exception to the jurisdiction of the court, it appears by the allegations, taken as true for the exception, that the defendant company carried the plaintiff, a passenger, beyond his point of destination; that he was forcibly put off at a point at which there was no station;

The wrongful act was, if truly alleged, a trespass, actionable in the parish in which the passenger was thus ejected.

APPEAL from the Eighteenth District Court, Parish of Lafourche. *Caillouet, J.*

---

*Beattie & Beattie* Attorneys for Plaintiff and Appellant:

Where a railroad carries a passenger beyond his point of destination, not stopping at that point, but stopping beyond, a mile or more, and then ejects him from the train, in the night, in the rain and in an uninhabited place, this is such

18

a trespass or wrongful act as gives jurisdiction to the court of the parish where the act is committed. C. P., Art. 165, Sec. 9; 33 An. 955.

Ejection from a train by the railroad officials at a point different from that of destination is an act of commission and gives rise to damages. 13 Southern Reporter, Vol. 13, No. 3, p. 166; Randall vs. New Orleans & Northeastern Railroad Company, 45 An. p. 778.

*Clay Knoblock & Son* and *Leovy & Blair* Attorneys for Defendant and Appellee:

The defendant company is exempted by its legislative charter from being sued elsewhere than at its domicile in New Orleans, except in cases of trespass. Acts of 1877, No. 37, Sec. 12.

A case of trespass is one based on some forcible act committed *vi et armis* on the person or property of the plaintiff. Actions *ex contractu*, express or implied, and actions *ex delicto* founded on negligence are not cases of trespass within the meaning of Sec. 12 of defendant's charter. Heirs of Gossin vs. Williams and Morgan's R. R. Co., 36 An. 186; St. Julien vs. Morgan's R. R. Co., 39 An. 1063; Payne vs. Morgan's R. R. Co., 43 An. 981; and references in the cited cases.

"The allegation that the plaintiff has been damaged does not determine the question, for damages result as well from the violation of contract, either expressed or implied, as from the commission of offences or *quasi* offences. Nor will the casual and ancillary averments of illegality, wrong, and even violence, conclude the plaintiff as to the character of his action, unless it should appear, from a fair examination of his whole petition, that an alleged tort forms the gist of his complaint." Kohn vs. Mayor of Carrollton, 10 An. 720; Brigham vs. Bussey, 26 An. 676; Montgomery vs. Levee Co., 30 An. 609.

Plaintiff's action is essentially based on the contractual relations existing between him and defendant. It is founded on an alleged breach of a contract of carriage. Hutchinson on Carriers. 2d Ed., Secs. 568, 617. See Evansville R. Co. vs. Kyte, 32 Northeastern Rep. 1134, quoted in brief, where an action, identical in all essentials with plaintiff's, was held to to be an action *ex contractu*.

Even if plaintiff's action be one *ex delicto*, it is founded on the *negligent* failure of the engineer and conductor to stop at the place where the company had contracted to carry him. It is, therefore, not a case of trespass as defined by this court in the cases cited above.

The opinion of the court was delivered by

BREAUX, J. This is an action sounding in damages. For the purpose of the trial of the exception interposed to the jurisdiction of the court the following is taken as true:

That on November 26, 1893, the plaintiff bought a railroad ticket from the defendant company, entitling him to a first-class passage from Lafourche Crossing to Rousseau station on the road. That arriving at the station in the dark he could not distinguish it as his stopping place.

Dave vs. Railroad and Steamship Co.

That the train passed the station and went beyond, about one mile, before stopping, not having stopped at the station.

The train having stopped, he was ordered "in a very peremptory and insulting manner to get off;" did get off the train when it thus stopped, a mile or more beyond Rousseau station, in obedience to said peremptory orders; whereupon the train moved off and petitioner found that he was not at Rousseau station, but about a mile beyond, where there was no station.

That at the time he was put off it was raining very hard and there was no shelter at that point, and that by this malicious, wanton and forcible act of ejecting petitioner he was forced to walk back to Rousseau station, his original point of destination, feeling and finding his way as best he could in the dark and rain.

That the orders to him to get off the train were given by an employé of the defendant company.

The petitioner alleges a disregard of his rights and feelings, and claims damages.

The defendant filed an exception of want of jurisdiction, that under its charter it was exempted from suit elsewhere than at its domicile, except in cases of trespass, and that plaintiff's suit was not an action of trespass.

From a judgment sustaining this defence and dismissing the suit, plaintiff has appealed.

Section 12 of the defendant's charter reads as follows:

"The domicile of the company shall be in the city of New Orleans, and citation shall be served there on the president of the company, or, in his absence, on the secretary; and the company shall be sued only at its domicile, except in actions of trespass, when the company may be sued in the parish in which the trespass has taken place."

In determining the rights of the parties under the allegations made, the court considers only the constituent principles of the action and not mere inferences from them on the part of the pleader.

The question is one of trespass *vel non*. Unless the action is for trespass committed, the court was without jurisdiction.

Trespass, even in law, has a broad and comprehensive meaning.

It is defined by Blackstone, as follows: "Trespass in the most extensive sense signifies any transgression or offence against the law of society, or of the country in which we live, whether it relates to a man's person or his property; therefore, beating

another is a trespass, taking or detaining a man's goods are, respectively, trespasses, for which an action of trespass *vi et armis,* or on the cases in trover and conversions, is given by the law; so also non-performance of promises or undertaking is a trespass, upon which an action of trespass on the case in assumpsit is grounded; and in general any misfeasance or act of one man, whereby another is injuriously treated or damnified, is a transgression or trespass in its largest sense."

In its more restricted sense it is defined as an unlawful act committed with violence, or injury committed with violence to the person of another. Ejecting the passenger in the manner he was ejected, if the allegation be true, was an injury.

There was negligence in not offering him the opportunity to alight at the place of destination.

Having taken him past such station without his consent, and without being allowed a reasonable opportunity to leave the train, he has a right of action for damages that may have accrued to him.

They are not damages arising under a contract, such as are classed as *ex contractu.* They do not arise from the inexecution of an obligation, or a mere violation of the terms of the agreement in the execution.

Originally the parties may be bound under a contract and their rights decided by reference to it.

The parties may remove from the obligations of the contract entirely and torts may and frequently do occur independently of the contract.

It may be founded upon or grow out of some violation of a right created or secured by contract.

The injury, in the case at bar, includes the expulsion from the train, and in consequence, as alleged, was more of an injury than there was in the following cited cases:

"And it has been said that the liability of a passenger carrier for not stopping at a certain place and taking passengers according to public announcements made known through the public prints or in writing is one founded upon a tortious violation of a general duty, and not upon any breach of special contract." Redfield on the Law of Railways, p. 298, 6 Ed.

In another case wherein the facts were almost identical, the decision was that " in such cases the passenger would be entitled to

recover damages for the injury, because the railway company has committed a flagrant breach of duty.''

The rule *volunti non fit injuria* will not apply so that it may be held that the passenger by not offering resistance precluded himself from the possibility of truly alleging that he had been violently ejected.

In trespass upon lands, or real estate, any entering into the enclosure of another without his consent is, in law, a breaking into it, and force is implied in all actions of trespass of this kind.

In trespass, arising from injury to the person, any force, however slight it may be, in the commission of an unlawful act may be sufficient to constitute the offence.

Considering the petition in its entirety, without regard, however, to possible inferences or conclusions, it does not appear that plaintiff's act in alighting was voluntary.

Ordinarily no passenger insultingly ordered to alight, while the train is stopped awaiting until he gets out, would be willing to remain in the car. Alighting under those circumstances can not be considered as precluding the passenger from maintaining an action for damages arising from trespass on his rights.

Trespass grows out of the consequence of the illegal act and force to which the injured party has been subjected.

The question of the cause of action is not before us, and is not considered, in reaching our conclusion.

The defendant having, for the exception, admitted the truth of plaintiff's allegation, we conclude that the plaintiff was compelled to leave the train and that he was rudely ejected.

If, under similar circumstances, a passenger had broken one of his limbs, or if some other serious accident had happened to him, without negligence on his part, the trespass would be manifest.

That no accident happened does not change the character of the forcible ejectment from a trespass to a violation of contract.

We do not enlarge the interpreted law laid down in Heirs of Gossin vs. Morgan Co., 36 An. 186. The design and effect of Sec. 12 remains as defined in that decision.

We hold that forcible ejectment without cause, from a train, is trespass, and actionable in the parish in which it occurred.

It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled and set aside, that the case be remanded and reinstated by the District Court for trial, and duly tried.

Defendant and appellee to pay costs of appeal.