## No. 11,990.

JOSEPH H. CASTILLE AND ANNA A. REESE, WIFE, VS. CAFFERY CENTRAL REFINERY AND RAILROAD COMPANY, LIMITED.

Article 165, C. P., 9th par., refers to damages resulting from positive acts; to acts of commission, and not to those resulting from those of omission. 30 An. 608; 33 An. 955; 36 An. 188; 39 An. 796; 40 An. 754; 46 An. 276.

The condition of jurisprudence in this State shows that whenever a corporation in our courts has been compelled to submit to being sued outside of the place of its domicile, the actions were for damages *ex delicto*, and that even in an action *ex delicto* for damages, the plaintiff then is required to have recourse to the court of the domicile where the corporation has only passively'contributed to the injury in failing to do something incumbent upon it to have done.

In cases of personal injuries received by an employee in the course of his employment, when the party injured has died and an action has been brought for damages under the Acts of 1855 and 1884, the action has to be brought as a tort. The contract of employment, under such circumstances, will not be counted on in fixing the character of the action. Suit in the parish where the damage was done, *held* proper.

APPEAL from the Seventeenth Judicial District Court for the Parish of St. Mary. *Allen, J.*

*D. Caffery & Son* for Plaintiffs, Appellants.

*Howe, Spencer & Cocke* for Defendants, Appellees.

Argued and submitted January 9, 1896.
Opinion handed down February 10, 1896.

Plaintiffs claim damages for the death of their son, who was, they allege, in the quiet discharge of his duties at the Caffery Central Refinery, owned and operated by the Caffery Central Refinery and Railroad Company, Limited, a corporation organized under the laws of the State of Louisiana and domiciled in the city of New Orleans, and which corporation owned and operated the said refinery, in the parish of St. Mary, at the time of the death of their son, its officers, for whose acts it is legally liable, being then in control. The suit was instituted in the parish of St. Mary and judgment asked for seventy thousand dollars.

Defendant excepted that the court was without jurisdiction *ratione personæ* in that the defendant is domiciled in the parish of Orleans, and can not be sued or held to answer suit in the parish of St. Mary for the things and matters set forth in the plaintiffs' petition as therein pleaded.

The court sustained the exception and plaintiffs appealed.

The opinion of the court was delivered by

NICHOLLS, C. J.   The ninth paragraph of Article 165 of the Code of Practice declares, as an exception to the rule which requires that the defendant be sued before the judge having jurisdiction over the place of domicile or residence, "all cases where any corporation shall commit trespass or do anything for which an action for damages lies." In such cases it provides that the corporation "shall be liable to be sued in the parish where such damage is done or trespass committed." This paragraph has been construed a number of times.

In Montgomery vs. the Louisiana Levee Company, 30 An. 608, plaintiff sought to recover of the defendant damages *ex contractu*, under Sec. 2, sub-Sec. 5 of Act. No. 4 of 1871, for failing or neglecting to keep up the standard dimensions of a certain levee, in

consequence of which plaintiff's plantation was inundated. The court in passing upon an exception to the jurisdiction filed by defendant said : " The general rule in civil matters is 'that one must be sued before his own judge, that is t ) say, before the court having jurisdiction over the place where he has his domicile or residence.'

" It is a familiar rule that statutes in derogation of a common right must be construed strictly. The entire article 165 is an exception to the general rule established by Art. 162." Plaintiff claimed he was authorized to bring the suit as he did, as the section of the law under which he brought the suit imposed liability upon the company for damages for failing or neglecting to do certain things. The court declined to accede to this proposition, declaring that the Legislature contemplated the active violation of some right, the committing of a trespass or the doing of some illegal thing, which gave rise to an action for damages; that the Legislature might have extended this exception so as to make corporations liable to be sued for damages arising from trespass or any other act, or from mere inaction or neglect, in the parish in which the damage was done, but that what the Legislature might have done and what it has done were entirely different, and that it had to deal judicially with what the Legislature had done, not with what it might have done and had not chosen to do. It, therefore, held the ninth paragraph of Art. 165 referred to damages resulting from positive acts, acts of commission, and not to those from acts of omission. It said the action brought was one *ex contractu*, and it dealt with the case upon that theory.

In the case of State *ex rel.* Morgan Railroad Company vs. The Judge of the Twenty-sixth District Court, 33 An. 955, the company excepted to the jurisdiction of the Twenty-sixth District Court on the ground that its domicile was in the city of New Orleans, and this court held the suit to have been properly brought.

The action was one *ex delicto* for damages, the charge being that " plaintiffs were damaged through the carelessness and negligence of the employees of the company in charge of a locomotive and train of cars, whereby a mule, their property, was struck and killed."

In Cossin vs. Williams and Morgan's Railroad, 36 An. 188, the suit was dismissed, the plea to the jurisdiction being sustained. The suit was against a common carrier for damages sustained in consequence of want of proper care and attention on the part of the carrier to

goods delivered for transportation. It was claimed by plaintiff that the action was one *ex delicto*, the act as resulting from a violation of the general duty of a common carrier. The court said the action was clearly one for the recovery of damages, which were the result of negligence consisting in allowing the article to remain exposed to the inclemency of the weather: that the negligence was not the same as in the case of the mule killed, that it could not be pretended that through the negligence an act was "committed." The ground for relief was the omission of an act. It then defined trespass as an unlawful act committed with violence, *vi et armis*, to the person, property or relative rights of another. An action for trespass was declared to be one institut d for the recovery of a wrong committed against the plaintiff with immediate force. It did not lie for mere non-feasance. That the word was also defined to mean a hurtful use of violence which is wrongful. It excludes all varieties of wrongs in which force can neither be perceived nor implied, such as negligence. There must be a wrongful injury or taking. It is said that in the case before the court the charge was made that the company neglected to take proper care of the produce, hence the injury. The charge clearly implied an omission and repelled the idea of an act. As a consideration confirming the conclusion it reached, it declared that the damage arose from the violation of a contract, that of affreightment, which existed between consignor and carrier. It did not come within the class of damages occasioned *ex delicto*. It flowed from the breach of a special obligation created by a special contract. The character of the action was that of an action for damages resulting from the failure to comply with a contract of affreightment.

The cases of Kohn vs. Carrollton, 10 An. 719, and 26 An. 677, were referred to.

In Houston vs. The Vicksburg, Shreveport & Pacific Railroad Co., 39 An. 796, the plea to the jurisdiction was overruled. The suit was one *ex delicto* for damages received by a person being run over by a locomotive while she was crossing a railroad track.

There were no contractual relations between the company and the person injured.

In Caldwell vs. Railroad, 40 An. 754, plaintiff sued defendant for damages for injuries sustained by the breaking through of a bridge constructed by defendant over a public crossing in the city of Shreveport. The plaintiff alleged gross negligence and default in the de-

fendant for not constructing and maintaining a safe and suitable crossing at the place where he was injured. The court held the act was one of omission, non-feasance, dereliction of duty, and not the commission of any act which implied force or violence, and the action should have been brought at the domicile of the company. There were no contractual relations between the parties. The action was evidently *ex delicto*, but the " fault of the company " lay in not keeping the bridge in proper condition. The crossing by the plaintiff was the " act " which led directly to the injury. The "corporation " was " passive " in respect to that act.

In Dave vs. Railroad Company, 46 An. 276, plaintiff had purchased a ticket to convey him from Lafourche Crossing to Rousseau Station in Lafourche parish. The train passed the station without stopping, but stopped a mile beyond, at which point the conductor ejected the plaintiff from the car. He brought suit for damages in the parish of Lafourche. The jurisdiction of the court was sustained, the court holding that the action was one *ex delicto*. It said: " The damages claimed were not those arising under a contract such as are classed *ex contractu*. They did not arise from the inexecution of an obligation or a mere violation of the terms of the agreement in the execution. Originally the parties might have been bound under a contract, and their rights decided by a reference to it. Parties may remove from the obligations of the contract entirely, and torts may and frequently do occur independently of the contract. It may be founded upon or grow out of some violation of a right created or secured by contract." The injury in the case at bar included the expulsion from the train and was more of an injury than there was in some adjudicated cases. (The court citing authorities from Redfield on the Law of Railways, p. 298, 6th Ed.).

An examination of these authorities will show that whenever a corporation in our courts has been compelled to submit to being sued outside the place of its domicile, the actions were actions for damages *ex delicto*, and that even in an action *ex delicto* for damages, the plaintiff was required to have recourse to the court of the domicile where the corporation had only " passively" caused the injury in having failed to do something which it was incumbent upon it to have done, and the immediate occasion of the injury was the doing of some act by the plaintiff himself, which in consequence of this neglect of the corporation led up as a concurring cause to his receiving personal injuries.

Such being the condition of the jurisprudence of the State, we are called upon to examine into the character of the plaintiff's action, to see whether it be one *ex contractu* or *ex delicto*, and, if the latter, whether it be of a character such as to throw it outside of the principles announced in Caldwell vs. Railroad Company, 40 An. 754.

Plaintiffs contend that their action is grounded on a tort, and not only for damages resulting from tort, but damages from force and violence actively directed by the corporation against the parties injured. Their position is, that while it is true that there was a failure of duty and negligence in not putting up a proper pipe and keeping it in repair the corporation brought violent agencies actively to bear upon this imperfect pipe. That it was by positive acts of its employees that the fire was lighted and the steam produced which, striking with terrific force upon the weakly connected pipe, caused it to part, and by parting to precipitate upon the deceased hot, boiling water, and water which caused his death. That in this case the positive act which led to the injury was that of the corporation, the deceased himself being perfectly passive. That this feature of the case differentiated it from that of Caldwell.

At the threshold of our examination we meet a fact which was noted specially in the cases of Montgomery vs. La. Levee Co., 30 An. 608, and Gossin vs. Williams, 36 An. 188.

It is that, at the time of the injury received in this case, the plaintiff and the defendant company occupied toward each other contractual relations, those of employer and employee. The fact of this employment is averred in plaintiffs' petition. Referring to the conduct of the corporation in placing the defective pipe in the refinery and permitting the use of the pipe in the state it was in the operation of the factory, the plaintiffs allege "it was gross, culpable, wanton and criminal neglect on the part of the officers of said corporation;" "that the corporation was bound to furnish safe apparatus and repair or discontinue the use of that which was unsafe, as was said pipe, in which duty toward their son they failed. That their son was in the quiet discharge of his duties at the time of the explosion, and was guilty of no fault contributing to his death; that, but for the negligence charged, their son's death would not have occurred; that the same was wholly due to the wilful negligence of the corporation, as the killing was wantonly and recklessly done and could have been avoided by the exercise of ordinary care."

Plaintiffs maintain that it by no means follows that because two parties may hold toward each other the position of employer and employee, the employer may not commit an act injurious to the employee of a character such as to be of itself a *quasi*–offence and giving rise to a direct action in the employee's favor, even though the same act might, in itself, constitute also a breach of one of the obligations of the contract of employment; that the employee has the right to ignore the fact of employment for the purpose of bringing an action for redress, and is not tied down in spite of himself to connecting the injurious act with the contract of employment.

This court has in the case of Dave vs. Morgan's Railroad Company (cited above), recognized that cases of the character alluded to may arise.

Obligations resulting from tort may be superadded to those arising from contract, and conventional obligations superadded to those arising from torts. See Ballew vs. Andrus, 10 La. 219; Cooley on Torts, pp. 91 and 92 of 1st Ed., pp. 105 to 106, and 107 of 2d Ed.

The question is what, under the pleadings, in this case, the facts alleged in the petition and the law is the character of the case before us.

The party injured died a few minutes after he had received the injury. The plaintiffs derive their right of action from Art. 2315, Civil Code. That article was originally Art. 2294 of the Code of 1825. It was amended by Act No. 223 of 1855, and by Act No. 71 of 1894.

The article read before amendment as follows:

"Every act whatever of man that causes damage to another obligates him by whose fault it happened to repair it."

In 1851, this court, in the case of Hubgh vs. New Orleans & Carrollton Railroad, 6 An. 495, in which plaintiff individually and as tutrix brought suit to recover damages for the death of the husband and father, which had been occasioned by the bursting of a boiler in the service of the defendant company, of which the deceased had the management, said: "On general principles, the only private rights which laws recognize, and which constitutions are established to protect, are the rights of persons and the rights of property. The plaintiff and her children do not complain of wrongs to their own persons, and it can not be pretended that they had any rights of property in their husband or father. It appears to us, therefore, that without a special statute authorizing such actions, they can not be

maintained.    It is a strong argument in favor of this view of the law that in a country where private rights are so well protected as they are in England, it is settled that those actions do not exist at com-mon law.    Baker vs. Bolton et al., 1 Campbell, 493.

" In 1st Cushing's Mass. Rep., p. 475, a case similar to the present, the rule of the common law was reaffirmed, the judge being of the opinion that, if the facts stated were proved, they would not entitle plaintiff to recover.    A verdict was entered in favor of the defend-ants.    In England, of late years, this omission has been supplied by statute in a limited class of cases.    9 and 10 Victoria, Chap. 93.

"It is urged that under the civil law the present action can be maintained, but plaintiff's counsel have not favored us with any authority from the Roman or Spanish law sustaining the position they assume.    On the contrary, it is a general rule under these sys-tems that actions for personal injuries are strictly personal.    24 Pothier Pandectes, p. 273, law 13; 7 Partida, tit. 15, 1, 3.

" It is further urged that Art. 2294 of our Code   *   *   *   has en-larged the remedies given by the former laws in cases of damages resulting from torts and that the present action should be maintained under it.    *   *   *    The dispositions of Art. 2294 are found in the Roman and Spanish laws; so far from being new legislation, that article embodies a principle as old as the science of jurisprudence itself, and it must still be understood, with the limitations affixed to it by the jurisprudence of Rome and Spain.    Domat Lois Civiles, tit. Domages causes par des fautes, p. 180, par. 1."

There is no doubt that this decision led to the enactment in 1855 of the amendment we have referred to, to Art. 2294.    The amendment consisted in adding to it the words " the right of this action shall sur-vive in cases of death in favor of the minor children and widow of the deceased, or either of them, and in default of these, in favor of the father and mother, or either of them, for the space of one year from death."

To the article as so amended were added by Act No. 71 of 1884 the further words:    " The survivors above mentioned may also recover the damage sustained by them by the death of the parent or child or husband or wife, as the case may be."

It will be seen that in granting a right of action to the survivors, the lawmaker granted it under the heading of " Offences and Quasi-

Offences," as an action for tort and assigned to it as such the pre-scription fixed by Art. 2294 (old article).

The character of such an action was therefore fixed by the law it-self. It can not be altered by pleadings, but has to be tested and passed on as an action "*ex delicto*." In cases of personal injuries, received by an employee in the course of his employment, where the party injured has died and an action has been brought by parents, widow or children, based on the Acts of 1855 and 1884, the action has to be brought as a tort. Under such circumstances the contract will not be counted on, though it will necessarily be shown in order to make appear the circumstances under which it occurred and the facts immediately connected with it. Colley on Torts, p. 91 (1st Ed.).

Taking plaintiffs' allegations as true, we find the facts to be that the party injured was, at the time of the injury, in the factory under circumstances such as to make his being at the place he then was, legal and proper. That he by no act of his contributed to the acci-dent; that his relations to it were purely of a passive character, and that the force brought into operation, which resulted in his death, was actively set and brought into action through agencies controlled by the defendant company. We think that, viewed from this stand-point, the action comes more nearly under the principles which con-trolled the case of Houston vs. Vicksburg, Shreveport & Pacific Railroad Company, 30 An. 796, than any other. Had the deceased at the time of the accident been legally standing upon a public road in St. Mary parish, in proximity to defendants' track, and had a loco-motive, by reason of its defective condition, as it passed opposite to him, exploded, killing him, we think an action for damages would have properly been brought in the parish of St. Mary. The case supposed is substantially the same as that before the court, the dif-ference consisting simply in the fact that the pipe which exploded was in one case stationary and the other on a moving locomotive.

We think the exception to the jurisdiction should have been over-ruled.

It is therefore ordered, adjudged and decreed that the judgment appealed from be and the same is hereby annulled, avoided and re-versed, and it is now ordered, adjudged and decreed that defendants' exception and plea to the jurisdiction of the District Court in and for the parish of St. Mary be and the same is hereby overruled, and

this case is ordered to be reinstated on the docket of that court, and the same is hereby remanded to the lower court to be proceeded with according to law.