BREAUX, C. J.
Relator is a resident of the city of New Orleans; respondent is a resident of the parish of Assumption. As its name indicates, relator is engaged in the telephone business.
Relator and respondent entered into a verbal contract, whereby the former obligated itself to install a telephone in the residence of respondent and to place him in communication with Napoleonville and Donaldson-ville, as well as within reach, by telephone, with all of relator’s subscribers in Assumption parish.
The charges therefore were to be $5 per month, which respondent has always punctually paid; and, in addition, he furnished, free of charge, all poles for hanging the telephone wires in respondent’s exchange at Napoleonville to his own residence. Respondent says that he has complied with his obligations under the contract, but that relator, without notice to him and quite unexpectedly to him, maliciously severed the telephone wires and disconnected his home from relator’s telephone system, and thereby deprived him of the telephone service which he had enjoyed and to which he was justly entitled. The contract, it is alleged, was entered into for a specific time, which is stated in the petition.
Upon grounds suggested by the foregoing statement, plaintiff asked of the district court of Assumption parish for a mandatory injunction to compel the reinstatement of the service as it was prior to the breach of contract, and for damages in the sum of $750 for breach of contract.
Defendant, relator here, excepted to the jurisdiction of the court on the ground that it is a foreign corporation not domiciled in Assumption, but in New Orleans. The court sustained the plea to the jurisdiction and dismissed the suit.
Plaintiff, respondent here, appealed to the Court of Appeal of the parish of Assumption, the decision of the lower court was reversed by the court of appeal, and the suit remanded. Defendant in the district court and appellee to the Court of Appeal filed an application for a writ of certiorari; *128 thereon a rule nisi issued, bringing up tée issues now before ,iis for review.--.’ *;• ■ '
The contention on the part of respondent is that the action is for a torft ■ and that relator has committed some actjfor which an action for damages lies, and that, in consequence, the court has jurisdiction. Relator’s contention is that respondent’s action is purely ex contractu and that in consequence the court did not have jurisdiction ratione personae.
The question at issue being jurisdiction vel non, it becomes necessary to determine in which of the foregoing classes of action the case falls; that is, whether ex contractu, or whether ex delicto.
As relates to damages, and that is the only question before us, it does seem that plaintiff has alleged sufficient to sustain his action. He alleged, in substance, that he supplied defendant with the poles to string the wires and connect his residence with different places, and that defendant, without warrant or authority, had illegally and maliciously disconnected the telephone service installed in his home by cutting the telephone wires. Prom this it is manifest that there was an act of commission alleged, a violence done to plaintiff’s right, the taking by defendant of the law in hand, an unlawful cutting of wires, and the destruction of a use to which plaintiff had acquired the right. It was a trespass upon the right of property for which plaintiff was paying; a personal wrong committed on his premises or near them in such a way as to be an injury upon plaintiff.
We only decide that, so far as it is shown by the petition there is a claim for damages, arising ex delicto, an action may be brought at the domicile of plaintiff. It is true plaintiff avers that there was a contract. This may have been as a basis to prove the illegal act urged, to prove the malice. If it was intended for it to go further, then, to the extent that it does go further, we do not hold that the court is clothed with jurisdictiqn. Whatever right the plaintiff may have had,éx contractu, it does not deprive him of .his right arising ex delicto.
The article of the Code of Practice before referred to is broad enough to include the present action to the extent that it sounds a tort. We quote the article;
“That in all cases where any corporation shall commit trespass or do anything for which an action for damages lies, it shall be liable to be sued in the parish where such damage is-done or trespass is committed.” Code Prac. art. 165, par. 9.
The settled jurisprudence of this state is that tort may grow out of an actively violated contract and be a cause of action independently of an action on the contract.
These two causes of action, ex delicto and ex contractu, were considered years ago. In the case to which we refer, the contention of defendant in part was that the action was in its nature personal; that it arose ex delicto. The plaintiff’s contention was that he had two remedies; one for a tort on quasi offenses, arising ex delicto, and the other ex contractu. The court held that the plaintiff could resort to his remedy on either. Ballew v. Andrus’ Ex’r, 10 La. 216.
This case, as well as the decision in Dave v. Railroad Co., 46 La. Ann. 276, 14 South. 911, in p’ari materia, were approvingly referred to in Castille v. Railroad, 48 La. Ann. 329, 19 South. 332.
An exception of want of jurisdiction on the ground here urged was filed in a recently decided case, and again this court reaffirmed the view expressed. Culpepper v. Arkansas Southern R. Co. 110 La. 750, 34 South. 761.
The decision in Montgomery v. Louisiana Levee Commissioners, 30 La. Ann. 608, goes further than there is any necessity of going in this case. There are other decisions bearing upon the point. We cite them here for reference sake, and not to sustain the view expressed, for we consider them amply sus *130 tained by those already cited. Schoppel v. Daly, 112 La. 201, 36 South. 322; Marx v. Louisiana Western R. Co., 112 La. 1091, 36 South. 862.
The jurisdiction of the court will not take a wide range.
Here are the issues briefly stated. A corporation engaged in a service to the public bound itself by contract with another. Under this agreement the latter furnished a considerable part of the material used.
Suddenly, without warning, the corporation destroys the use, by destroying part of the property.
A party to a contract can refuse to continue performance of an unexpired contract and take his chances in an action ex contractu that he will not be made liable for damages.
On the other hand, a party to a contract cannot put an end to a contract by a sudden malicious destruction of the property by committing a trespass, as alleged here, without taking the chances of an action ex delicto for damages.
The court held, as expressed in the syllabus:
“Article 165, par. 9, Code Prac., refers to damages resulting from positive acts; to acts of commission, and not to those resulting from commission.” The Castille Case, 48 La. Ann. 322, 19 South. 332; Houston v. Railroad Co., 39 La. Ann. 796, 2 South. 562.
The acts shown in the pending case are positive enough.
They are acts of commission, and it is alleged that they are acts of trespass.
Plaintiff has made specific averments regarding damages.
They are separate and apart from others regarding an injunction which we will not reinstate- He has asked for specific damages. We think he should be heard before the court where trespass is alleged to have been committed, to the extent that he may have been damaged by the illegal and malicious destruction of property, if it was done as illegally and maliciously as alleged.
Having taken the view before expressed that the court is without jurisdiction to compel specific performance, although it, has jurisdiction to compel payment of damages, arising ex delicto, it follows that the writ of injunction must fall. It has no raison d’etre if plaintiff is without right before the court of Assumption parish to compel defendant to> actively perform a contract.
It is ordered, adjudged, and decreed that the judgment of the Court of Appeal is; affirmed to the extent following:
“The case is hereby remanded to the lower court to be proceeded with according to law.”
The injunction remains dismissed, as it was originally dismissed in the district court; the costs in the district court to await trial, on the merits.
The costs of the Court of Appeal are due' by defendant and appellee.
The costs in the certiorari proceedings are to be paid by respondent here.
PROVOSTY, J., dissents.