# Decisions Court of Appeal

## Parish of Orleans.

### No. 5835.

### WEST HARTLEPOOL STEAM NAVIGATION CO. vs. BENEMELIS STEAMSHIP COMPANY AND C. C. MENGEL BROS., INCORPORATED.

#### Syllabus.

#### On Rehearing.

1. Even though the averments of a petition are insufficient in charging a contractual liability on the part of defendant, still the exception of no cause of action should not be maintained, where independently of these averments, the allegations of the petition are ample to sustain a cause of action *ex delicto*.

2. The defense of independent contractor is one of law and of fact, and its determination depends upon the terms of the contract and the manner in which it is executed.

3. The course of prescription of a claim against a foreign corporation is interrupted neither by service upon a person who is unauthorized by law or by contract to receive citation upon its behalf, nor by service in the mode prescribed by Act 23 of 1900, the provisions of which have been held unconstitutional.

Appeal from the Civil District Court, Parish of Orleans, Division "C," No. 82,018. Hon. E. K. Skinner, Judge.

— 3 —

Henry P. Dart, for plaintiff and appellant.

Hugh C. Cage, for defendant and appellee.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

Upon a re-examination of the pleadings we are satisfied that we erred in our former decision. It is true that the allegations of the petition evidence an intention to hold the Mengel Bros., Incorporated, in contract as sub-charterers, but it is equally true that the petition goes further and contains sufficient averment to likewise charge them with liability ex delicto, since, in addition to and independently of the averments quoted in our original opinion as disclosing an action on contract, the petition proceeds to allege that the steamer "received said injuries" while in the "custody" of Mengel Bros., Incorporated, and through and by their "carelessness in the handling and managing of said ship."

These allegations are in themselves ample to sustain an action in tort independently of and aside from the allegations which seek to establish a contractual liability; and such being the case it would be improper to hold that the petition fails to state a cause of action.

> Barton vs. Telephone Company, 116 La., 125.
> Schappel vs. Daly, 112 La., 201.
> Patton vs. Pickles, 50 An., 857.
> Wood vs. Monteleone, 118 La., 1005.

Upon the merits it is contended that the suit should be dismissed because it is shown that the alleged injury was caused by independent contractors engaged in the loading and discharging of the cargo. We find, however, that this defense, a special one, has been neither pleaded nor proved.

— 4 —

The answer contains the bare statement that defendant "is not liable for any damages done to the ship by the cargo nor by the stevedores in loading or unloading same;" while the testimony establishes simply that this work was done by stevedores employed by Mengel Bros., Incorporated, without any disclosure as to terms of the contract of employment, nor upon the vital question of whether or not the work was in any degree controlled or directed by the employer. It devolves upon him who relies upon the defense of independent contractor to plead and prove the nature of the contract of employment and to establish that the work was neither directed nor controlled by the employer. Pleading and proving the one fact only that the contractor was a stevedore is not sufficient, for whether or not a stevedore or one following any other business or employment is to be deemed an independent contractor must in every instance be gauged by the circumstances governing the contract and the execution of the particular work in which he is engaged.

Upon a review of the evidence we are moreover satisfied that the injuries complained of were due to the actionable negligence of C. C. Mengel Company, Incorporated; but as all claim for damage, other than that amounting to $200.00 incurred upon the last voyages, has been barred by prescription unless the course of prescription has been interrupted by sundry citations served pending the proceedings, the efficacy of these citations in the respect claimed must now be examined.

It was sought to bring the defendant, a foreign corporation, into Court on three occasions prior to the seizure of its property by attachment. Service was first had upon an agent who was without authority at the time to receive citation in its behalf. Secondly, it was sought to cite defendant by service upon the Secretary of State

— 5 —

and this citation was properly declared ineffective because defendant was not engaged in business in the State within the meaning of the statutes authorizing such service; and finally service was made upon said defendant at Louisville in the manner prescribed by Act 23 of 1900, the provisions of which have been held unconstitutional.

We are of opinion that none of these efforts was sufficient to interrupt the course of prescription. The jurisprudence which has arisen under R. C. C., 3518, and which is exhaustively reviewed in the cases of **Schwartz vs. Lake, 109 La., 1082, King vs. Guynes, 118 La., 344,** and **Babin vs. Lumber Co., 132 La., 873,** does not sustain plaintiff's contention that these citations operated as a suspension of prescription. In all of the adjudicated cases, wherein the service of citation, though informal, was held to have effected an interruption of prescription, it will be found that the law provided a valid mode of procedure under which the defendant could be cited and proceeded against in this State. In the present instance, however, the facts are wholly different, for the defendant here was neither doing businss nor represented in the State, and Act 23 of 1900 being unconstitutional, there existed no statute (and perhaps none could have been legally framed), rendering the defendant amenable to the jurisdiction of our Courts. The defendant being so situated the attempted service was wholly abortive for any purpose and was without effect in staying the course of prescription.

Accordingly, our former opinion and decree are recalled and set aside and the judgment appealed from is avoided and reversed, and it is now decreed that there be judgment in favor of the West Hartlepool Steam Navigation Company, plaintiff herein, and against C. C. Men-

gel Bros., Incorporated, defendant herein, in the sum of two hundred dollars ($200.00) with 5 per cent per annum interest thereon from the date of this judgment until paid, and all costs, the said judgment, however, only to affect the property herein attached; and it is further decreed that the writ of attachment herein issued be maintained with costs, and the privilege resulting therefrom be recognized and that same be enforced by the sale of the property according to law and by the payment of this judgment from the proceeds of the sale by preference over the claims of all other creditors.

Former decree set aside and judgment reversed.

Opinion and decree, November 23, 1914.

Rehearing refused, December 21, 1914.

Writ denied, January 27, 1915.

Original opinion, Vol. 10, Court of Appeal Reports, page 264.