## TRIPANI v. MERAUX. *
### No. 16025.

Court of Appeal of Louisiana. Orleans.
March 18, 1935.

Clem H. Sehrt, of New Orleans, for appellant.

Emmet Alpha and Granville Alpha, both of New Orleans, for appellee.

JANVIER, Judge.

This is a suit for monetary redress for damages caused by the bite of a dog. The defendant, Dr. L. A. Meraux, resides in the parish of St. Bernard. The petition alleges that the dog had roamed or wandered into the parish of Orleans and that there, while the owner was not present, it had bitten the plaintiff, Mike Tripani.

By a plea to the jurisdiction ratione personæ, Dr. Meraux challenged the right of the courts of the parish of Orleans to hear the matter, calling attention to article 162 of the Code of Practice, which, in part, reads as follows: "It is a general rule in civil matters that one must be sued before his own judge, that is to say, before the judge having jurisdiction over the place where he has his domicile or residence. * * *"

In the district court this plea was sustained and the suit ordered dismissed. Plaintiff has appealed.

Plaintiff concedes that the general rule is that "one must be sued before his own judge," but he points out that article 162 itself states that there are "exceptions expressly provided for by law," and he directs our attention to the exceptions set forth in paragraph 9 of article 165, and he maintains that the facts alleged here bring the matter within the express terms of those exceptions. That paragraph reads as follows: "*Trespass*. In all cases where any person, firm or corporation shall commit trespass, or do anything for which an action for damage lies or where any corporation shall fail to do anything for which an action for damage lies, such person, firm or corporation may be sued in the parish where such damage is done or trespass committed or at the domicile of such person, firm or corporation."

Defendant, exceptor, takes up the burden of the argument and contends that the act complained of here—permitting a vicious dog to roam at large—is an act of omission, and that, since this act is charged against an individual and not against a corporation, the case is not within the exception relied upon by plaintiff; in other words, that, though the paragraph permits a suit for damage resulting from a negligent act of commission to be brought in the parish in which the damage is sustained, whether the tort-feasor be an individual, a firm, or a corporation, for damage resulting from an act of omission, the suit, if an individual or a firm is the alleged tort-feasor, may be brought only at the domicile of the tort-feasor, and that in such case it is only where the defendant is a corporation that the courts of the parish in which the damage was sustained are also given jurisdiction.

A mere reading of the paragraph shows plainly that a distinction is made between acts of omission and acts of commission, but

---

*Rehearing denied April 15, 1935.

plaintiff maintains that the distinction was inadvertently drawn by the framers of the article and that it was not intended that any such distinction should be made between jurisdiction of such a suit against a corporation on the one hand or against a firm or an individual on the other. Plaintiff also argues that, even if the distinction was intended and if we feel that an individual tort-feasor who is sued for damage resulting from a negligent act of omission may be sued only at his domicile, nevertheless the plea to the jurisdiction here should be overruled because the negligent act of permitting a vicious dog to roam at large is an act of commission and not of omission.

Until the year 1910, even against a corporation, a suit for damage resulting from an act of omission could be brought only at the domicile of the corporation. Prior to that time there were many decisions of our Supreme Court distinguishing between acts of omission and acts of commission and holding that, where the damage resulted from an act of omission, the corporation could be sued only at its domicile, but that for acts of commission the suit might be maintained in either of the parishes.

In Devons v. Lee Logging Co., 121 La. 518, 46 So. 612, 613, the court said:

"The court holds that acts of omission are excluded from the class of cases actionable at the place of the accident by the words quoted, 'commit,' 'committed,' 'do,' 'done,' used in the cited article of the Code of Practice.

"These words, the court held, implied action necessarily, and wherever there is such action—that is, whenever the act is actually done, or there was a commission, and not an act which amounts, as in the case before us for decision, to an omission—the case is then brought within the exception laid down in the decision hereafter cited."

In Montgomery v. Louisiana Levee Co., 30 La. Ann. 607, it is said that: "The plain language of No. 9 of article 165 of the Code of Practice is, that for things done, for acts of commission, for which an action for damages lies, the suit may be brought in the parish in which the damage is done; but that this rule does not apply to omissions, neglect, or failure to do, because wrongs of this latter class are not only not mentioned in this article, but are excluded by the use of the words 'commit' and 'committed,' 'do' and 'done,' which necessarily imply action."

See, also, In re Cumberland Tel. & T. Co., 116 La. 125, 40 So. 590; Castille v. Caffery Central Ref., etc., Co., 48 La. Ann. 322, 19 So. 332, 336; Dave v. Morgan's L., etc., R. Co., 46 La. Ann. 273, 14 So. 911; Houston v. Vicksburg, S. & P. R. Co., 39 La. Ann. 796, 2 So. 562; Gossin v. Williams, 36 La. Ann. 186; Culpepper v. Arkansas S. R. Co., 110 La. 745, 34 So. 761, 763.

The last case so holding prior to the year 1910 was the Devons Case, from which we have quoted and which was decided in 1908.

With these cases in mind we feel that the legislature, in 1910, when it enacted Act No. 44, could not have been unmindful of the distinction which had been drawn by the courts between acts of commission and those of omission, and that the distinction made in that statute, which permits corporations to be sued in either parish for either acts of omission or acts of commission, but requires that for acts of omission the individual or the firm must be sued at its domicile, was not inadvertently drawn, but resulted from deliberate intent on the part of the members of the legislature.

Then, too, we must bear in mind that legislation which permits a suit in a parish other than that of the domicile of the defendant is in derogation of common right, and therefore must be strictly construed. If interpretation is necessary, the strict, limited interpretation must be adopted rather than that which is broad. In this connection the Supreme Court, in Castille v. Caffery Central Ref., etc., Co., supra, quoted with approval language used in Montgomery v. Louisiana Levee Co., supra, as follows: "It is a familiar rule that statutes in derogation of a common right must be construed strictly. The entire article 165, is an exception to the general rule established by article 162."

We are unable, therefore, to agree that paragraph 9 of article 165 of the Code of Practice permits a suit for damage caused by a negligent failure of an individual to act to be brought in any other parish than that of the domicile of the individual.

We next consider the contention that the act complained of here, the permitting of a vicious dog to roam at large, is an act of commission, and we give consideration to several cases already referred to, in which our courts have sought to distinguish between acts of commission and acts of omission. In Castille v. Caffery Central Ref., etc., Co., supra, is found a definition of an act of commission. It is said that, where "the force brought into operation, which resulted in his death, was actively set and brought into action through agencies controlled by the defendant company," the act is one of commis-

sion. This language was quoted with approval in Culpepper v. Arkansas S. R. Co., supra. In Re Cumberland Telephone & Tel. Co., supra, plaintiff, charging that the defendant company had "maliciously severed the telephone wires and disconnected his home from relator's telephone system," prayed for damages in the sum of $750, and also sought "a mandatory injunction to compel the reinstatement of the service." The Supreme Court held that the mandatory injunction could be granted only by the court of the domicile of the defendant, but also held that the suit for damages could be maintained in the parish in which the damage had been sustained because of the fact that the act of cutting wires was an act of commission. The court said that the tort did not result solely from the mere failure to give telephone service, but came also from the affirmative act of cutting the wires.

In Castille v. Caffery Central Ref., etc., Co., supra, the damage was caused by the breaking of a steam pipe when steam was turned into it after it had been permitted to fall into a state of decay. The court held that, although to permit the pipe to fall into decay may have been an act of passive negligence, the turning of steam into the defective pipe was an act of active negligence, an aggressive act, an act of commission, and that, for the consequences of such an act, suit might be brought in the parish in which such consequences were suffered.

In Culpepper v. Arkansas S. R. Co., supra, an employee of defendant railway company was killed when the locomotive of which he was engineer was derailed because of a defective track and an unstable embankment. The defects had resulted from the failure of the company to make proper repairs. The question of jurisdiction was raised, and the Supreme Court held that the failure to repair was passive negligence, but that, in running trains over the track, the company was guilty of active negligence. The court said: " * * * If plaintiff's allegations be true, defendant was guilty of two faults—one of 'omission' in not placing its embankment, roadbed, and tracks in good condition; the other in having, after it had placed or left them in bad condition, itself brought about the injury by the act of 'commission' in running its trains over such roadbed and tracks."

In Montgomery v. Louisiana Levee Co., supra, plaintiff sought "to recover of the defendant company damages * * * for failing or neglecting to keep up to the standard dimensions a certain levee, in consequence of which plaintiff's plantation was inundated by the overflow of the Mississippi river." The defendant company excepted to the jurisdiction of the district court, and, on the question of whether or not there was necessity for a charge of negligence of commission, the Supreme Court said:

"It would have been competent for the legislature to have declared that the liability of corporations for damages resulting from trespass or any other act, or from mere inaction or failure or neglect, might be enforced by suit in any parish in which the damage was done. But what the legislature might have done, and what the legislature has done, are entirely different; and we are to deal, judicially, with what the legislature has done, not with what it might have done but has not chosen to do. * * *

"We think that No. 9, of Act 165, of the C. P. relates exclusively to actions for damages caused by positive acts, commission; that it does not include actions for damages resulting from neglect or failure, omission; and that the district court of Carroll parish was without jurisdiction."

In Devons v. Lee Logging Co., supra, the defendant company furnished a wagon for the use of plaintiff in hauling timber. The wagon broke and plaintiff was injured. He sought recovery in tort, charging that the defendant company had been at fault in failing to repair the wagon. When suit was brought in the parish in which the damage was sustained, the jurisdiction of the court of that parish was challenged; defendant maintaining that the acts charged were merely acts of omission. The court said:

"We have read plaintiff's petition with particular care, and left it convinced that it cannot be construed into an act of commission.

"Plaintiff's contention is that defendant corporation actively set in operation the wagon he describes as being old, worn, and defective.

"We deem it sufficient to say in reply that defendant corporation did not set in operation this wagon and oxen. It placed them in charge of plaintiff, in order that he might perform the work assigned to him. The allegations do not show that there is anything which can be classed as commission in this act."

Counsel for exceptor concedes that, had the owner of the dog done anything to excite it, or had he beckoned or called to it to attack plaintiff, then such an act would have been one of commission, but that merely "to per-

mit" it to roam at large is not an affirmative act, but is merely a failure to act.

It is true that a dog, a dumb animal, cannot be considered as an agent of its owner and thus that the affirmative, aggressive act of the dog in attacking cannot be considered as the act of an agent of the owner. But, though such an animal is not an agent of the owner, it is an agency belonging to the owner, and it is a dangerous agency at that, because, for the purposes of this plea, we must accept as true the allegations that the dog was vicious and that the owner, defendant here, knew of its tendencies and characteristics. We find, then, that an owner of a dangerous agency is charged with permitting it to roam at large and we rapidly approach the point at which the passive act of mere ownership becomes the active act of negligent commission.

There can be no doubt that, had it been charged that the owner, either in person or through an agent, had opened the gate and permitted the dog to escape, such an act would have been an act of commission and not merely an act of omission. When plaintiff alleges that the dog was released only in the daytime, he in effect charges that it was kept confined at night and he also in effect charges an aggressive, affirmative act, the act of releasing the dog from confinement each morning. We are interested in noting that in one of the cases which we have cited the Supreme Court interpreted the petition and held that, when the matter should come up for trial on the merits, if an improper interpretation had been placed on the petition, then a different result must be arrived at.

In Culpepper v. Arkansas S. R. Co., supra, the court considered the allegations of the petition, and concluded that under those allegations an act of commission had been charged, and the court then said: "Whether or not plaintiff can sustain his action on a trial upon the merits is a question not yet before us or before the latter court."

In another case to which we have referred, Devons v. Lee Logging Co., supra, the court undertook to interpret the petition and said: "We have read plaintiff's petition with particular care, and left it convinced that it cannot be construed into an act of commission."

Our interpretation of plaintiff's petition here is that it charges an affirmative, aggressive act of releasing a dog from captivity and confinement.

But, apart from the interpretation of the petition, we believe that, to permit a dangerous agency owned and controlled by a defendant to roam at large and to come into contact with persons whom it may injure, whom, in fact, it is presumed that it will injure, because it is a fair presumption that a vicious dog will bite, is an affirmative, positive act of commission and not merely a negative act of omission. We think it is drawing too fine a distinction to say that an owner who unleashes his dog and permits it to attack another person is in a situation different from that occupied by an owner who merely takes no steps to secure such an animal.

In Montgomery v. Louisiana Levee Co., supra, the "agency" which caused the damage was water, water of the Mississippi river. It was not owned by the defendant company. Defendant was in no way responsible for it. Its responsibility concerned the levee only, and thus the failure to raise the levee was plainly an act of omission.

In the case at bar, had the dog belonged to some one other than defendant and had defendant had an opportunity to prevent such a dog of some one else from doing damage, then his failure to act would have been merely an act of omission, but his failure to confine his own dangerous agency is more than that; it is an act of commission.

In Devons v. Lee Logging Co., supra, the "agency," the wagon, had in itself no potentiality to create damage except by the interposition of some other active agent or agency. Had the defective wagon not been made use of by the injured party, it would have caused no one any damage. It was an "agency" entirely different in kind from the vicious dog, a dangerous agency calculated to cause damage without the interposition of any other agent or agency.

We therefore conclude that the plea to the jurisdiction was improperly sustained and that the courts of the parish of Orleans are vested with jurisdiction of this matter.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be and it is annulled, avoided, and reversed, and it is now ordered that this matter be and it is remanded to the civil district court for the parish of Orleans for further proceedings according to law and not inconsistent with the views herein expressed.

Reversed and remanded.

WESTERFIELD, Judge (dissenting).

The failure of an owner to keep a dog confined to his premises is, in my opinion, an act of omission. I respectfully dissent.