954    SUPREME COURT OF LOUISIANA,

State ex rel. Morgan's Louisiana & Texas Railroad Co. vs. Judge of 26th District Court et al.

No. 8270.

THE STATE OF LOUISIANA EX REL. MORGAN'S LOUISIANA & TEXAS RAILROAD-
& STEAMSHIP COMPANY VS. THE JUDGE OF THE TWENTY-SIXTH JUDICIAL
DISTRICT COURT ET AL.

Under the provisions of the Relator's Charter, as well as of the Code of Practice, this Corpo-
ration can be sued for trespass, out of its domicil and in the Parish in which the tres-
pass has taken place.

The word *trespass*, used in the Charter of the Company, was employed by the Legislature in
its broadest sense, so as to comprehend a variety of wrongs, whether direct or indirect,
in which force was used, and not in the technical sense of the Common Law term.

The legal distinction between *trespass* and *trespass on the case* cannot be made in the premises.

The Company may be sued for damages for the killing of a mule, in any Parish in which the
act was done.

APPLICATION for writ of Prohibition.

*Hahn*, Judge, Respondent.

*Leovy & Kruttschnitt* for the Relator:

First—The single point under discussion in this suit is to determine the particular *class of
acts* which our law intended to denote by the term "*trespass.*"

Second—The term "*trespass*" is derived from the Common Law of England : it must then be
taken in some one of the meanings it had in that system. R. C. C. Art. 15.

Third—In the Common Law the term "*trespass*" was applied to three distinct classes of acts:
*a.* All violations whatsoever of legal duty, causing pecuniary damage; *b.* Those acts of
violent injury to person or property, the appropriate remedy for which was by an action
of trespass *vi et armis; c.* Unlawful encroachments upon or injuries to real estate.

Fourth—It is certain that our law does not use the term "*trespass*" in the wide sense it had
in the Common Law as a general name for all infraction whatsoever of legal duty; *Mont-
gomery vs. La. Levee Co.* 30 *An.* 607; *Construction of language of Art.* 165, § 9, *Code of
Practice.*

Fifth—The term "*trespass*" must, then, have been adopted to designate either that class of
violent wrongs which were redressed by the action of trespass *vi et armis*, or that class of
wrongs which consisted in unlawful entries upon or injuries to real estate.

Sixth—If the term "*trespass*" were taken in any other sense, it would not be taken in any
defined sense that it had in the Common Law, and there would be no principle in that
system, nor any certain meaning in its popular use, that would enable us to define the
particular acts which should be designated as "*trespasses.*"

Seventh—The term "*trespass*" is an enactment which establishes an exception to a general
principle of law: the enactment must be strictly construed and the terms in it taken in
their narrower signification. *Montgomery vs. La. Levee Co.*, 30 *An.* 607.

Eighth—It has been shown in our first brief that the act which was the subject of the suit in
the lower court was not one of those acts on which trespass *vi et armis* lay at Common
Law. See, also, 24 *Conn.* 40; *Green's Pleading and Practice,* § 86.

*L. De Poorter*, for the Respondents:

First—There are other exceptions to the general rule which require one to be sued before his
own judge, and these exceptions are in the different paragraphs of Article C. P. 165. By
§ 8, one can be sued outside of the parish of his domicil, "in actions of trespass on real
estate, and in all matters relating to real servitudes," etc. By § 9, "in all cases where
any corporation shall commit trespass, or do anything for which an action for damages
lies," etc.

State ex rel. Morgan's Louisiana & Texas Railroad Co. vs. Judge of 26th District Court et al.

Second—And by section 12 of Act 37 of 1877 of Acts of General Assembly, page 42 of Acts. of 1877, "relator can be sued, in *actions* of *trespass*, in the parish in which the trespass. has taken place."

Third—Act of 1855 page 485 ; R. S. sect. 725.

Fourth—*Gross negligence* in the killing of respondents' mule implies wilful injury, even if respondents were in fault, and the killing was a trespass.

Fifth—Laws *in pari materia* should be construed together ; and so with the articles of the Codes, C. C. 17; and the common interpretation of Statutes which has existed for a length of time will be considered, as it generally is, the correct interpretation. "*Communis error facit jus.*" 7 A. 1 ; 6 A. 496 ; 13 A. 329.

---

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is an application for a prohibition.

The petitioner complains that a suit was brought against it for two hundred dollars, with interest from judicial demand, before the Twenty-sixth Judicial District Court; that, under its charter, Act 37 of 1877, p. 37, its domicil is fixed in the City of New Orleans, and that it is thereby provided that it shall be sued *only* at its domicil, *except in actions of trespass*, when it may be sued in the parish in which the trespass has taken place, Sec. 12 of said Act; that an exception to the jurisdiction of the court was filed, the action *not being one of trespass;* that the exception was overruled, the case was tried, and judgment was rendered on the merits thereof for the plaintiff therein, and that, unless restrained, said court will proceed to execute the judgment.

The *gravamen* of the suit in question is, that the plaintiffs therein were damaged through the carelessness and negligence of the employees. of defendants, in charge of a locomotive and of a train of cars, whereby a mule, their property, was struck and killed. The return made by the defendants in this proceeding is, that the cause of action arose from a. *trespass*, over which the Twenty-sixth Judicial District Court has jurisdiction, as against the defendant, in the case, both under the charter of the company and under article 165 C. P. §§ 8 and 9.

The issue raised is, therefore, simply, whether the cause of action *set forth* was one of trespass or not. We cannot, of course, inquire into the correctness of the judgment on the merits.

The petitioner admits that, but for the provision of its charter, the court would have had jurisdiction, under the provisions of the article cited, which provides that " in all cases where any corporation shall commit *trespass*, or do any thing for which any action for damages lies, it shall be liable to be sued in the parish where such damage is done, or trespass committed."

The theory upon which this application is based, seems to be that the provision of the charter of the company already mentioned is inconsistent with the article of the Code of Practice, and supersedes it,

because it is the latest expression of the legislative will, and because it is a special, which derogates from the general, law.

Assuming next, that the provision of the charter rules, the petitioner argues that the cause of action set forth is not one of trespass, but one of trespass *on the case,* and quotes numerous authorities in support of that position.

We do not consider the charter of the relator as a *special law.* It is a *private statute,* requiring plea and proof to be noticed judicially. In the present instance, its existence is established, not only by the sworn averments of the petition, but by the admissions of the defendants.

Even, were it otherwise, it would not be inconsistent with the general law, the main provision of which it reiterates, *without negativing* any of its parts. Both the Code and the charter authorize a suit against a corporation in the parish in which it may commit a trespass. So far, then, harmony and not discordance prevails. The charter is silent as to the liability of the company, of being likewise sued, were it to "do any thing for which an action for damages lies." Hence, it is argued that the inclusion of the one is the exclusion of the other.

We do not so view the matter. We think that when the Legislature uttered the charter in question it did not intend to emancipate the company from the liability of being sued in the parish in which it would do acts for which actions for damages would lie. There exists no conflict between the charter and the Code. The word " *trespass* " used in the charter was employed in its broadest sense, so as to comprehend a variety of wrongs having the common element of *a use of force,* whether direct or indirect. Cooley on Torts, p. 436 *et seq.;* Hilliard on Torts, v. 2, p. 1, § 1; 3 Blackstone, 208; Greenleaf 2, p. 201.

" One of the most valuable features of our system of jurisprudence, is the simplicity with which parties are permitted to bring their rights before the tribunals of justice. The technicalities which, in other countries, embarrass and obstruct the progress of justice, are unknown to it. All it requires is that each party shall so state his grounds of attack and defense, that the adversary shall not be taken unawares, and that the judgment which may be rendered will enable him, for or against whom it has been given, to protect himself by the plea of *res judicata.*" 23 An. 676.

Conceding that the case presented is one of *trespass on the case,* we consider that it comes within the purview of both the Code and the charter. Were it not so, there never would arise an instance, in which the defendant company could be sued at all for trespass, it being a fictitious, juridical being, which never could commit such, acting necessarily by the agency of others.

We cannot admit that the legislative use of common law terms has

introduced in our system the practice in relation to them.   3 M. 186; 7 N. S. 164; 16 L. 389.

It is manifest that, if the company were to satisfy the judgment rendered against it and complained of, the claim in the case being for damages sustained in consequence of a *trespass* committed under its responsibility, such payment could be successfully pleaded in bar of another suit, for the same damages, if alleged to have resulted from a *trespass on the case.*

We think the District Court had jurisdiction, the cause of action set forth being one of *trespass* within the proper intendment of the charter of the relator.

It is, therefore, decreed that the preliminary restraining order herein made be rescinded, and that the application for a *prohibition* be refused with costs.

Rehearing refused.