## No. 9071.

HEIRS OF L. D. GOSSIN ET AL. vs. C. C. WILLIAMS AND MORGAN'S LOUISIANA AND TEXAS RAILROAD AND STEAMSHIP COMPANY.

An action in damages against a common carrier for injury sustained by goods between delivery by consignor for transportation and delivery at the place of destination, arises from the breach of the contract of affreightment *ex contractu*, not from a *quasi offense ex delicto*. The negligence or non-feasance does not constitute a case of trespass, which implies the actual commission of an act by the use of force or violence.

A suit to recover damages said to have been thus sustained in consequence, must be brought at the place of the domicil.

APPEAL from the Twentieth District Court, Parish of Lafourche. *Knobloch*, J.

*Taylor Beattie* for Plaintiffs and Appellants.

*J. B. Winder* and *Leovy & Kruttschnidtt* for Defendants and Appellees.

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is a suit against a common carrier, for damages said to have been sustained in consequence of want of proper

care and attention, on the part of the carrier, to goods delivered for transportation, which, when destination was reached, had to be sold at a loss of $1147 52.

The suit was brought in the parish of Lafourche, but was met with an exception to the jurisdiction of the court, to the effect that it could be instituted only at the domicile of the corporation, which is in New Orleans, under the terms of its charter in that respect.

From a judgment sustaining this defense and dismissing the suit, the plaintiffs have appealed.

Sec. 12 of the charter of the company reads as follows:

"The domicile of the company shall be the city of New Orleans, and citation shall be served there on the president of the company, or, in his absence, on the secretary; and the company shall be sued only at its domicile, except in actions of trespass, when the company may be sued in the parish in which the trespass has taken place."

In the enumeration of the exceptions to the rule which requires that the defendant be sued before the judge having jurisdiction over the place of his domicile, the Code of Practice mentions the cases in which a corporation shall *commit trespass*, or do anything for which an action for damages lies.   C. P. 165, (9).

In order, therefore, to justify the institution of this suit before the district court for the parish of Lafourche, the proposition is advanced that "a refusal by a common carrier to receive freight and when received to take proper care of it, is an action violative of the general duty of such a common carrier which gives rise to a *quasi offense* which authorizes an action *ex delicto*, for damages.   It is, therefore, pointedly urged that such a refusal, by which damage arises, constitutes a trespass within the intendment of that word, as used in  *  *  *  the charter of this company."   The ruling in 33 A. 954 is invoked in support of that theory.

When ruling, as we did in that case, we did not say that the company could be sued, nothwithstanding sec. 12 of its charter, just as it might have been if that section had not been provided and that parties claiming damages from it were protected by the article of the Code of Practice.

It is evident that the Legislature, by granting to the company the immunity from suit out of New Orleans, its legal domicile, *except in cases of trespass*, meant to confer some privilege or advantage which, otherwise, would not have existed.   The design was clearly to restrict the character of suits, *not* brought at the place of domicile, to cases of *trespass*.

The question decided in 33 A. 954, was: whether the killing of a mule by the employés of the same company, in charge of a locomotive and train of cars, was or not a trespass, within the provision of sec. 12 of the charter. We there held that the word *trespass*, as found in the charter, was used in its broadest sense, so as to comprehend a variety of wrongs having the common element of a *use of force*, whether direct or indirect.

What we are called upon to determine in the present controversy is, therefore, simply :

Whether or not the cause of action set forth, discloses a case of *trespass*.

The pith of the complaint is, that the company first *refused* and *neglected* to take the goods of plaintiffs; and, finally, that when it did receive and transport the same and when the place of destination was reached, the produce was found to be so deteriorated, in value and quality, *that* it had to be sold at sacrifice and loss. The plaintiffs claim that, as the damage was caused by the negligence of the company, they are entitled to recover.

The action clearly is one for the recovery of damages which are stated to be the result of negligence, consisting, as is alleged, in allowing the article to remain exposed to the inclemency of the weather.

The negligence complained of is not in this suit as it was in the case of the mule. It cannot be claimed that, thereby, an act was *committed*, but, on the contrary, it is averred that acts were omitted. The ground for relief is not the *commission* but the *omission* of an act.

Trespass is defined to be: an unlawful act committed with violence *vi et armis* to the person, property or relative rights of another.

An action for trespass is that which is instituted for the recovery of damages for a wrong committed against the plaintiff with immediate force.

It does not lie for mere nonfeasance. Bouvier's Law Dict. Vo. Trespass (torts) (remedies).

The word is likewise defined to mean : a hurtful use of violence which is wrongful; a wrong done with force. It excludes all varieties of wrongs in which force can neither be perceived, nor implied, such as *negligence*. There must be a wrongful injury or taking. Abbott Law Dict. Vo. Trespass (602).

In Montgomery vs. Levee Co. 30 A. 609, while considering the exception found in sec. 9 of the Article of the Code of Practice alluded to, this court formally said : that the Legislature contemplated the *active*

violation of some right, or the *doing* of some other illegal thing, acts of commission which give rise to an action for damages, and that the rule does not apply to omissions, neglect or failure to do. Wrongs of this class are excluded by the use of the words *commit* and *committed* * * which, necessarily, imply action.

In the instant case, the charge is distinctly made that the company neglected to take proper care of the produce. Hence the injury. This charge clearly implies an omission and repels the idea of an *act*.

It is to be observed that the section of the charter, after making the exception in cases of trespass, provides that the company, in such cases, may be sued in the parish in which the trespass *has taken place*.

Those ending terms are clearly equivalent to the word *commit*, which was the subject of comment in the case just cited.

Applying those rules to the case at bar, it clearly appears that, as the damage, if any, was occasioned by the mere omission to do that, which it is claimed, duty imposed on the carrier, the action is not one disclosing a case of trespass within the intendment of the charter of the company.

Another consideration which confirms strongly the same conclusion, is, that the damage claimed, if it was occasioned, arises from the violation of a contract, that of affreightment, which manifestly exists between consignor and carrier. It does not come within the class of damages occasioned *ex delicto*. It flows from the breach of a special obligation created by a special contract.

The character of the action is that of an action for damages resulting from a failure to comply with a contract of affreightment.

In support of this conclusion it suffices to refer to the main reasoning of this Court, in Kohn vs. Carrollton, 10 A. 719, which was subsequently affirmed in 26 A. 677.

The district judge, in an able and elaborate opinion, has well sustained the exception to the jurisdiction.

It is, therefore, ordered and decreed that the judgment appealed from be affirmed, with costs.