### No. 226.

JOHN CALDWELL VS. VICKSBURG, SHREVEPORT AND PACIFIC RAILROAD COMPANY.

Corporations must be sued at their domicile for damages arising from the passive breach of their obligations, such as negligence and nonfeasance.

The law as expounded in 30 Ann. 607; 33 Ann. 954; 36 Ann. 186; 39 Ann. 1066, as to the interpretation of Sec. 9, Art. 165, C. P., reaffirmed,

APPEAL from the First District Court, Parish of Caddo. *Hicks,* J.

---

*Alexander & Blanchard* for Plaintiff and Appellee.
*Wise & Herndon* for Defendant and Appellant.

48

The opinion of the Court was delivered by

McEnery, J. The plaintiff sues the defendant for injuriès sustained by the breaking through of a bridge constructed by defendant over a public crossing in the city of Shreveport. He alleges that the bridge was defective at the time of construction, and was built in an improper manner and of inferior material. The company excepted that its domicile was at Monroe, La.; that suit should have been brought there; that it had done no act to bring it within the provisions of Sec. 9 of Art. 165 of the Code of Practice. The exception was overruled, and on the trial on the merits, there was judgment for the plaintiff condemning the defendant to pay damages to the amount of five thousand dollars. The plaintiff alleges gross negligence and default of defendant's company in not constructing and maintaining a safe and suitable crossing at the place where he was injured. It is an act of omission, nonfeasance, dereliction of duty and not the commission of any act that implies force or violence that is alleged by plaintiff. Art. 165, C. P., provides that, "in all cases where any corporation shall commit trespass or do anything for which an action for damages lies, it shall be liable to be sued in the parish where such damage is done or trespass committed." An interpretation of this article was given in the case of Montgomery vs. Louisiana Levee Company. 30 Ann. 607.

Act No. 4 of 1871, imposed upon the defendant company liability in damages for failure or neglect to keep up to standard height a levee, the breaking of which inundated plaintiff's plantation. The defendant excepted to the jurisdiction of the court where the suit was brought, alleging the domicile of the company was in New Orleans. The exception was sustained. In rendering the opinion of the court, Associate Justice Marr clearly draws the distinction between acts of commission implying force and violence and acts of neglect, failure, or omission, passive violations of duty.

The court says: "The plain language of Sec. 9, of Art. 165 of the Code of Practice, is that for things done, for acts of *commission* for which an action for damages lies, the suit may be brought in the parish in which the damage is done, but that this rule does not apply to omissions, neglect or failure to do, because wrongs of this latter class are not only not mentioned in this article but are excluded by the use of the words *commit* and *committed, do* and *done,* which necessarily imply action."

In the case of the State *ex rel.* Morgan's L. & T. R. R. and Steamship Company vs. the Judge of the Twenty-sixth Judicial District

Court, after reconciling the provisions of defendant's charter with Art. 165 C. P., the court say ; "The word trespass used in the charter was employed in its broadest sense, so as to comprehend a variety of wrongs having the common element of *a use* of force whether direct or indirect."

In the instant case there is no allegation implying trespass, force or violence, either direct or indirect.

In the case of the heirs of Gossin vs. Williams and Morgan's L. & T. R. R. and Steamship Company, this court said : "It is evident that the legislature by granting to the company immunity from suit, out of New Orleans, its legal domicile, *except in cases of trespass*, meant to confer some privilege or advantage which otherwise would not have existed. The design was clearly to restrict the character of suits *not* brought at the place of domicile to cases of *trespass*."

In the case of St. Julien vs. Morgan's L. & T. R. R. S. S. Co., 39 Ann. p. 1063, the authorities herein referred to were quoted and affirmed. In this case the doctrine was distinctly announced that, in case the owner of land permits its use and occupancy by a railroad company, and the construction of a *quasi* public building without resistance or complaint he can not thereafter require the demolition of the works nor prevent its use by the company, but that he is not debarred of his action for compensatory damages, if instituted at the domicile of the company. He can not treat such entry as tortious and sue the corporation as a trespasser at the place where the injury is alleged to have been sustained."

The conclusion we have reached from a careful review of the authorities, is that the plaintiff's suit does not come within the exception to the general rule that the defendant must be cited to appear at his domicile to answer plaintiff's demand.

It is therefore ordered, adjudged and decreed that the verdict of the jury be set aside and the judgment appealed from be annulled, and it is now ordered, adjudged and decreed that .the defendant's exception to the jurisdiction of the court *a qua* be sustained, the suit dismissed and that all costs be taxed against plaintiff and appellee.