erty only to that extent, and to that extent only can the demand for rescission extend.

We think that plaintiff is not entitled under the evidence to a rescission of the interest plaintiff conveyed to H. A. Bauman in the first described property for lesion beyond moiety, and plaintiff's demand was properly rejected by the court.

The plaintiff's mother, holding the legal title to the property first described, transferred the same by authentic act in the form of a sale to her mother. The plaintiff, as heir of his mother, is not justified, under the circumstances of this case, in ignoring and holding as absolutely null the act of his mother and author by which she took the title out of herself and placed it in that of her mother. After such conveyance to another of title by the apparent owner, the actual present holder of the legal title is authorized, when attacked, to introduce parol evidence to sustain her legal title by showing the actual facts.

We are of the opinion that the judgment appealed from is correct, and it is hereby affirmed.

---

(42 South. 656.)

No. 16,274.

BROWN et al. v. LOUISIANA & N. W. R. CO.

(Nov. 26, 1906. Rehearing Denied Jan. 7, 1907.)

1. VENUE — ACTION OF TRESPASS — JURISDICTION.

Suit was properly instituted before the court having jurisdiction over the place where the trespass was committed.

(a) The act of "commission," and the matter related to a servitude of drain. Code Prac. art. 165, § 8.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Venue, § 17.]

2. COURTS—COURT OF APPEAL—ADJOURNED OR SPECIAL SESSION.

The Court of Appeal had the authority to hold an adjourned session.

It does not appear whether it was an adjourned or special session.

It is assumed that the court held the session it had authority to hold. The maxim "omnia rite" has some application. Counsel appeared before the court, argued the case, and filed brief, and cured all defects regarding notice of time set for holding session (whether it was a special or an adjourned session).

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Certiorari, § 178.]

On the Merits.

3. APPEAL—REVIEW—TRESPASS—EVIDENCE.

The case, having been ordered up, is before us on its merits.

The facts are that the district judge, familiar with the local situation, decided that the damages were not shown with sufficient certainty to base judgment thereon.

The Court of Appeal decided that damages had been caused, and fixed them at an amount for which decree was rendered.

Considering the opinion of each, the district court and the Court of Appeal (in order to bring the cause entirely within the limits of certainty), the amount allowed is reduced.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 4498–4500.]

(Syllabus by the Court.)

Certiorari to Court of Appeal, Parish of Natchitoches.

Action by J. W. Brown and others against the Louisiana & Northwest Railroad Company. Judgment for defendant was reversed in the Court of Appeal, and defendant applies for certiorari or writ of review. Judgment amended.

John A. Richardson, for applicant. Breazeale & Breazeale, for respondents.

BREAUX, C. J. The defendant, relator here, filed an exception of want of jurisdiction in the district court on the ground that its domicile is at Homer, Claiborne parish, and that under article 162 of the Code of Practice a person must be sued before the judge having jurisdiction over the place where is his domicile.

The further contention of relator was that, in the district court and in the Court of Appeal, as it is here, the plaintiffs based their suit on acts of omission, and not com-

mission, and that, in consequence, the court had no jurisdiction.

That exception was overruled.

The case went to trial on the merits, and in passing on the merits the judge of the district court decided against plaintiffs, and held that defendant was not liable, for the reason that the damages claimed had not been proved, that they were uncertain and speculative, and that the evidence rendered it reasonably certain that the loss of which plaintiffs complained would have been incurred, had the railroad company done all that plaintiffs wished or expected regarding the drain.

From the adverse judgment to them plaintiffs took an appeal to the Court of Appeal holding its session at Natchitoches on the first Monday in May.

Defendant's complaint, made after the case had been decided by the Court of Appeal, was that this court did not meet at its regular session in May, but that it met at a special session in June following.

We will take up in the first place for decision the question of jurisdiction, and determine whether the relator has good cause of complaint by reason of the fact that it was not sued at its domicile.

We think that the district court did not err in overruling the exception to jurisdiction, and that ruling of the district court was properly affirmed by the Court of Appeal.

It will be observed that both of these courts were in accord upon this point.

We are of opinion that the court had jurisdiction, for the wrong complained of was not one of omission. The violations of defendant's rights were active enough. The act committed was in the nature of a trespass, and, using the word "commission" in the sense of "to commit," the defendant was rather active in the commission of an act which was injurious to adjacent lands.

The plaintiffs complained in their petition, substantially, that their crops were damaged and their lands injured owing to the acts of defendant in matter of closing or obstructing a drain. That amounted to a trespass.

The applying article of the Code of Practice (article 165, par. 9) reads:

"Where a corporation commits trespass or does anything for which an action in damages lies this action falls within the terms of the article."

Moreover, it was a matter of real servitude. It was substantially alleged that defendant's acts were an interference with the servitude of the drain on plaintiffs' land.

In all matters relating to real servitude the judge of the place where the property is situated shall have cognizance of the case. Code Prac. art. 165, par. 8.

The following are decisions cited by relator which we deem proper to review briefly:

In State v. Judge, 33 La. Ann. 955, the court interpreted the right of a railroad company under its charter, and not under the article just cited. It held in that case that suit was properly brought at the place the damage sued for had been committed.

The Gossin Case, 36 La. Ann. 188, approved the Montgomery Case, 30 La. Ann. 609, in which it was held that the Legislature contemplated the active violation of some right.

It occurs to us to say that the defendant, in throwing up a dump across plaintiffs' drain, actively violated one of their rights.

Caldwell v. Railroad Co., 40 La. Ann. 754, 5 South. 17, cited by plaintiffs, was decided on the theory that the act complained of was one of omission, a passive violation actionable at the domicile of the company. The issue was different from the one now before us. In State v. Meche, 42 La. Ann. 275, 7 South. 573, the court sustained the jurisdiction of the local court on the ground of damage, committed vi et armis.

In Fisk v. Bank, 40 La. Ann. 823, 5 South. 532, the damages resulted from a positive act

—a trespass. The court maintained the jurisdiction of the local court.

From the foregoing decisions relator can gather little or no comfort.

The next question relates to a want of notice which it is contended was due to the attorney of defendant by the Court of Appeal of the fact of the special session it intended to hold at Natchitoches in June.

The learned counsel appeared before the court and argued his case, both in person and by brief.

This must be taken as a complete waiver of notice on the part of the defendant.

This brings us to the complaint that the court undertook to hold a special session or term.

Defendant urged no objection and made no complaint on this score before the judgment was rendered against him.

We think it was too late to seek to take advantage on the ground alleged.

The contention is not sustained by the evidence. There is no evidence before us that the court held a special session. For all we know, it may have been an adjourned session, which the court had the right to hold.

This attack was made on the application for a rehearing. There is not an iota of evidence to sustain that plea. We will not, without evidence, hold that the judgment was rendered coram non judice.

We are brought to the merits, and to a consideration of the decision of the Court of Appeal on the merits, which, as before stated, reversed the decision of the judge of the district court on the merits.

The embankment or dump of the defendant unquestionably interfered with the drain of plaintiffs. It dammed up the water and caused it to overflow their lands to an extent that was damaging beyond question, as we think.

There was uncertainty and some speculation in the claim.

The difficulty consists in deciding where the certainty ends and the uncertain and speculative begins.

The learned judge of the district court was under the impression that the claim was too speculative to serve as a basis for judgment, and for that reason rejected the whole claim.

The judges of the Court of Appeal evidently thought that up to the amount of the judgment the claim is sufficiently certain to justify the court in assessing an amount in the sum allowed.

We have read the evidence with attention, and, while we are confident that damage has been suffered, we must own that it is with difficulty that we arrive at the point of certainty that the court should always feel before deciding to assess an amount.

As to Van Buren Freeman, the testimony makes it appear with reasonable certainty, we think, that he was the loser of the amount allowed.

Several witnesses have testified who had no interest at all, and have indicated with reasonable certainty the extent and the amount of his loss.

With reference to the others, the testimony is not as ample upon the subject; and, besides, the witnesses themselves hesitated. They were interested witnesses, and in testifying in regard to the amount they seem to have been uncertain how much to claim. Their hesitation creates a doubt in the mind in reading the record.

We have come to the conclusion that, in order to bring the amount within a sum entirely reasonable, the amount allowed to them should be reduced to $300.

It is therefore ordered, adjudged, and decreed that the judgment of the Court of Appeal is amended by reducing the amount to $350, and judgment for the use and benefit of Van Buren Freeman for $100 of said sum.

It is further ordered, adjudged, and decreed that plaintiffs, J. M. Brown and others,

do have and recover judgment of the defendant company in the sum of $250.

As thus amended, the judgment of the Court of Appeal is affirmed; the defendant, relator here, to pay the costs of the district court and also costs of appeal, and the plaintiffs, Brown and others, respondents here, to pay the costs of this court.