We have found no such evidence in our study of the record.

Before concluding upon this point, we will state that it does not appear that the indorser ever at any time indicated to the bank that some steps should be taken in order to protect him from its demand in case the maker did not pay.

We have given this case our best attention, and have not found good ground to reverse the judgment.

The appellant invites our attention to error in the judgment. The name of a person not executor of the succession of defendant was inserted in the judgment.

Under the circumstances, to which we will refer in a moment, we do not think it affords good ground to remand the case.

The appellee joined in the appeal, and asked for a correction of this error—urged that it was an oversight.

We are of opinion that it was the merest clerical error.

The name of Martin H. Sullivan, as coexecutor of A. G. Phelps of the succession of defendant, was not inserted in the judgment, although he was the party sued and the one against whom the judgment had been rendered. The name of Martin H. Manion, who was in no way connected with the succession, was inserted in place of Martin H. Sullivan.

The judgment can be corrected at this time.

It is therefore ordered, adjudged, and decreed that the judgment appealed from is amended only so far as to decree that the estate of P. F. Herwig, represented by A. G. Phelps and Martin H. Sullivan, executors, be condemned in the amount specified in the judgment appealed from. (The name of Martin H. Manion is canceled.) As amended, the judgment is affirmed.

It is further ordered, adjudged, and decreed that appellee pay costs.

———

(46 South. 612.)

No. 16,960.

### DEVONS v. LEE LOGGING CO.

(May 25, 1908.)

CORPORATIONS — ACTIONS — DOMICILE — DAMAGES—DOMICILE OF DEFENDANT.

Damages arising from nonfeasance or negligence must be sued for at the domicile of the company.

(Syllabus by the Court.)

Appeal from Fifth Judicial District Court, Parish of Winn; George Wear, Judge.

Action by William H. Devons against the Lee Logging Company. Judgment for defendant, and plaintiff appeals. Affirmed.

John Henry Mathews, for appellant. Hudson, Potts & Bernstein and Orin Medicus Grisham, for appellee.

BREAUX, C. J. The district court sustained defendant's exception, and dismissed plaintiff's suit for want of jurisdiction.

An appeal was taken from the action of the court dismissing the suit.

The jurisdiction, ratione persona vel non, is the only question on appeal.

The action is one sounding in damages.

Plaintiff, an employé of defendant, was a driver of oxen and wagon, and as such drove a wagon and hauled logs to the railroad tram of the defendant company.

The wagons, team, and appliances were owned by defendant.

It appears that, in accordance with orders received from the defendant company, plaintiff worked.

He charged that, relying upon the superior knowledge of his employer, he was led to believe that all the appliances furnished for his work were in good order, but that soon after he began to unload the wagon (the first load undertaken by him for the defendant) a heavy pine log rolled off the wagon and fell over his left foot, crushing it in a most serious and painful manner.

He avers that the wagon was old, worn, defective, and unsafe; that the pins and bolts designed to hold the logs securely in place, together with the holds and bearings through which the pins and bolts were designed to work, were worn, old, defective and in bad order; that parts of the wagon designed to hold the logs in place did not and could not perform their proper function; that the defects were the direct cause of the logs having rolled off the wagon, causing the injury before stated; that all was due to the gross negligence and unwarranted carelessness of defendant.

Discussion and decision:

The domicile of the company in Louisiana is in the parish of Webster. This suit was brought in the parish of Winn, where it is alleged the injury was suffered.

Nonfeasance and negligence are the gravamen of plaintiff's complaint.

The question which comes up on the allegations of plaintiff's petition shows that the act charged was an act of omission and not of commission. The article of the Code of Practice applying (that is, article 165, § 9, of the Code) provides that in all cases where any corporation commits a trespass, or does anything for which an action of damage lies, it shall be liable where the damages or trespass are committed.

"Damages arising from nonfeasance and negligence must be sued for at the domicile of the corporation" was the rule expressed in Caldwell v. Railroad Company, 40 La. Ann. 754, 5 South. 17.

In that case plaintiff sued the defendant for injuries sustained in attempting to cross over a defective and improperly constructed bridge. It was alleged that there was gross negligence and fault.

The court said it was an act of omission, nonfeasance, dereliction of duty, and not the commission of any act that implies force and violence, as alleged. Id.

In another decision the court expressly stated that the rule under the cited article does not apply to omissions. Montgomery v. Levee Company, 30 La. Ann. 607, commented upon in 40 La. Ann. 754, 5 South. 17, above cited.

In our case there is no allegation from which it can be implied that a trespass was committed.

Returning to the last-cited case: The court holds that acts of omission are excluded from the class of cases actionable at the place of the accident by the words quoted, "commit," "committed," "do," "done," used in the cited article of the Code of Practice.

These words, the court held, implied action necessarily, and wherever there is such action—that is, whenever the act is actually done, or there was a commission, and not an act which amounts, as in the case before us for decision, to an omission—the case is then brought within the exception laid down in the decision hereafter cited.

To the same effect is Montgomery v. La. Levee Co., 30 La. Ann. 607; Heirs of Gossin v. Williams & S. S. Co., 36 La. Ann. 186; State ex rel. Morgan's L. & T. R. R. Co. v. Judge, 33 La. Ann. 954; St. Julien v. Mor-

gan's L. & T. R. & S. S. Co., 39 La. Ann. 1066, 3 South. 280.

The St. Julien Case, the last above cited, is particularly pertinent. It held that the Legislature contemplated the active violation of some right or the doing of an illegal thing —that is, acts of commission—which gives rise to an action of damages, and that the rule does not apply to omission, negligence, or failure to do.

The plaintiff, to the end of supporting his action, cites Castille v. Refining Company, 48 La. Ann. 322, 19 South. 332, and Culpepper v. Arkansas Southern R. R. Co., 110 La. 746. 34 South. 761.

In the first case cited, the court found that there was an active breach of duty by turning an unsafe steam pipe in a manner that proved dangerous; that it was an active force— an act of commission.

There is nothing of the kind here, where the acts are, as before stated, only acts of omission.

The plaintiff here was an employé, and while at work, owing to defendant's omission to furnish proper appliances, there was an accident. Plaintiff was using these very appliances himself. The use in the manner in which it is alleged he used them cannot be construed, under the facts, as an act of trespass of himself, or as anything else but an act of omission on the part of defendant, who placed him in charge.

In the second cited case—that is, the Culpepper Case—damages were committed by acts of omission, and later, by acts of commission, as expressed in the decision; that is, commission was found, and in that way jurisdiction was maintained.

We have read plaintiff's petition with particular care, and left it convinced that it cannot be construed into an act of commission.

Plaintiff's contention is that defendant corporation actively set in operation the wagon he describes as being old, worn, and defective.

We deem it sufficient to say in reply that defendant corporation did not set in operation this wagon and oxen. It placed them in charge of plaintiff, in order that he might perform the work assigned to him. The allegations do not show that there is anything which can be classed as commission in this act.

For the reasons assigned, the judgment appealed from is affirmed.