(92 South. 349)

No. 23558.

**SMEDES BROS., Inc., v. MORGAN'S L. & T. R. & S. S. CO.**

(May 15, 1922. Rehearing Denied by Division B June 1, 1922.)

*(Syllabus by Editorial Staff.)*

Railroads &#9756;22(3)—Conversion of shipment held a "trespass," within statute as to venue.

Under Act No. 37 of 1877, providing that actions of trespass against the railroad company thereby incorporated may be brought in the parish in which the trespass took place, the railroad company's taking by force and conversion to its own use of a car of oil being transported by it constituted a "trespass."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Trespass.]

Appeal from Eighteenth Judicial District Court, Parish of Lafayette; William Campbell, Judge.

Action by Smedes Bros. Inc., against Morgan's Louisiana & Texas Railroad & Steamship Company. Judgment dismissing the suit on exception, and plaintiff appeals. Judgment avoided and reversed, exception overruled, and case remanded.

Burke & Smith, of New Iberia, for appellant.

Mouton & De Baillon, of La Fayette, for appellee.

By Division A, composed of Chief Justice PROVOSTY and Justices OVERTON and LECHE.

LECHE, J. Plaintiff appeals from a judgment dismissing its suit on an exception to the jurisdiction of the district court for the parish of Lafayette. Plaintiff's demand is based upon a claim for damages, and defendant excepted on the ground that its domicile is in the city of New Orleans.

Plaintiff claims that defendant, a common carrier, received in the parish of Calcasieu for delivery to plaintiff in the parish of St. Martin, a car of crude or fuel oil; that, while said oil was in transit, defendant confiscated the same, said confiscation and trespass taking place in the parish of Lafayette, wherefore plaintiff prays for judgment in damages.

Defendant, under the terms of its charter, Act 37 of 1877, of the General Assembly of this state, may only be sued at its domicile, in the city of New Orleans, except in actions of trespass, when it may be sued in the parish

in which the trespass has taken place. As said in State ex rel. Morgan's L. & T. R. & S. S. Co. v. Judge, 33 La. Ann. 955, the issue raised is, therefore, simply whether the cause of action set forth in plaintiff's petition is a trespass.

The word "trespass," as used in defendant's character, was said, in Heirs of Gossin et al. v. Williams & Morgan's L. & T. R. R. & S. S. Co., 36 La. Ann. 188, to have been used in its broadest sense, so as to comprehend a variety of wrongs having the common element of a use of force, whether direct or indirect. In St. Julien v. Same Defendant, 39 La. Ann. 1063, 3 South. 280, the court reaffirmed the 36 Annual definition and further says that a "trespass is defined to be an unlawful act committed with violence, vi et armis, on the person, property, or relative rights of another."

Plaintiff is not suing on a contract of affreightment, but upon a quasi offense, the taking by force of its car of crude oil and its wrongful conversion to the defendant's own use, an act fully covered by the definition of trespass as used in defendant's charter, and committed in the parish of Lafayette.

Believing that the action of plaintiff is founded on a trespass committed in the parish of Lafayette, where, under the terms of its charter, defendant may be sued for such cause of action—

It is ordered that the judgment appealed from be avoided and reversed, that defendant's exception to the jurisdiction of the court, ratione personæ, be overruled, and that this case be remanded to the district court for the parish of Lafayette, there to be proceeded with and tried according to law; defendant to pay costs of appeal, and all other costs to await final determination of this suit.

Rehearing refused by Division B, composed of Justices O'NIELL, LAND, and BAKER.