O’NIELL, Chief Justice.
 

 Mike Tripani, who resides in New Orleans, brought this suit in the civil district court for the parish of Orleans for damages which he alleges he suffered by being bitten by a vicious dog in the parish of Orleans; the dog being owned by the defendant, Dr. L. A. Meraux, who resides and-is domiciled in the parish of St. Bernard. Dr. Meraux excepted to the jurisdiction of the court, ratione personae. The exception was sustained and the suit dismissed. On appeal to the Court of Appeal, the judgment was reversed and the case was remanded to the civil district court for further proceedings. 159 So. 762.
 

 The only question is whether the original jurisdiction or venue was only in the parish where the defendant had his domicile or was, at the option of the plaintiff, in the parish where the dog did the damage.
 

 The allegations in the plaintiff’s petition, which disclose his cause of action, and the allegations on which depends the question of jurisdiction, are as follows: That Tripani was suddenly attacked' and bitten
 
 *69
 
 by a large and vicious dog owned by Dr. Meraux; that the dog was of a bad and vicious temperament, which fact was known by Dr. Meraux; that the dog was harbored on Dr. Meraux’s premises and used as a watchdog; that during the daytime the dog was permitted by Dr. Meraux to roam at large about the neighborhood; that at the time when the dog attacked and bit Tripani the dog was roaming at large on the premises known as Jackson Barracks, which is in the lower end of the parish of Orleans, and adjacent to the parish of St. Bernard; and that Dr. Meraux’s home is in the upper end of the parish of St. Bernard and adjacent to the parish of Orleans and to the premises called Jackson Barracks.
 

 Article 162 of the Code of Practice declares :
 

 "It is a general rule in civil matters that one must be sued before his own judge, that is to say, before the judge having jurisdiction. over the place [meaning parish] where he has his domicile or residence.”
 

 Article 165 of the Code of Practice enumerates ten exceptions to the rule that a civil suit must be brought at the domicile of the defendant, and, as amended by Act No. 130 of 1926, the ninth one of the exceptions is this:
 

 “In all cases where any person, firm or corporation shall commit trespass, or do anything for which an action for damage lies or where any corporation shall fail- to do anything for which an action for damages lies, such person, firm or corporation may be sued in the parish where such damage is done or trespass committed or at the domicile of such person, firm or corporation.”
 

 When this exception to the rule — that civil suits must be brought at the domicile of the defendant — was originally adopted, in article 165 of the Code of Practice, the exception was applicable only to a suit against a corporation, and only where the fault which was alleged to have caused the damage was one of
 
 commission
 
 — -not where the alleged fault or negligence was merely an
 
 omission
 
 or failure to do something which the corporation should have done. The ninth paragraph of the article then was:
 

 “9. In all cases where any corporation shall commit trepass, or do anything for which an action for damages lies, it shall be liable to be sued in the parish where such damage is done or trespass committed.”
 

 By Act No. 108 of 1908, p. 165, the Legislature amended the ninth paragraph of article 165 of the Code of Practice by inserting the words “or fail to do,” and so as to read:
 

 “Nine — In all cases where any corporation shall commit trespass or do or fail to do anything for which an action for damages lies it shall be liable to be sued in the parish where such damage is done or trespass committed.”
 

 Before the article was amended by the act of 1908, it was recognized, consistently, that a corporation could be sued only at its domicile for damages caused by negligence consisting merely of a failure to do something which should have been done; and that it was only in cases where
 
 *71
 
 the damage was done by an act of commission that a corporation could be sued in the parish where the damage was done. It was so decided in the following cases, which arose before the article of the Code of Practice was amended by the act of 1908, viz.: Montgomery v. Louisiana Levee Co., 30 La.Ann. 607; State ex rel. Morgan’s La. & L. R. & S. S. Co. v. Judge, 33 La.Ann. 954, 955; Heirs of Gossin v. Williams and Morgan’s La. & Texas R. & S. Co., 36 La.Ann. 186; Houston v. Vicksburg, S. & P. R. Co., 39 L.Ann. 796, 2 So. 562; St. Julien v. Morgan’s La. & Texas R. & S. S. Co., 39 La.Ann. 1063, 1065, 3 So. 280; Caldwell v. Vicksburg, S. & P. R. Co., 40 La.Ann. 753, 754, 5 So. 17; Dave v. Morgan’s La. & Texas R. & S. Co., 46 La.Ann. 273, 14 So. 911; Castille v. Caffery Central Refinery & Railroad Co., 48 La.Ann. 322, 19 So. 332; Culpepper v. Arkansas Southern R. Co., 110 La. 745, 34 So. 761; In re Cumberland Telephone & Telegraph Co., 116 La. 125, 40 So. 590; Brown v. Louisiana & N. W. R. Co., 118 La. 87, 90, 42 So. 656, 657; Devons v. Lee Logging Co., 121 La. 518, 46 So. 612.
 

 It must be observed that, even as amended by the act of 1908, the ninth paragraph of article 165 of the Code of Practice was applicable only to suits against corporations — not to suits against individuals. It was only by Act No. 130 of 1926 that the exception, stated in the ninth paragraph of article 165, to the general rule stated in article 162 of the Code of Practice, was made applicable to persons or individuals. Article 165 was amended again by Act No. 156 of 1934, but the ninth paragraph was not then amended. It remains as it was amended by the act of 1926. That amendment did not change the law at all with regard to suits against corporations. As to corporations, the law remains as amended by the act of 1908, viz.: “In all cases where any * * * corporation shall commit trespass, or do anything for which an action for damage lies or where any corporation shall fail to do anything for which an action for damage lies, such * * * corporation may be sued in the parish where such damage is done or trespass committed or at the domicile of such * * * corporation.” But, as to persons, the law is as it was with regard to corporations, before the law was amended by the act of 1908; that is to say, it is only where a person
 
 does something
 
 for which an action for damages lies — not where he fails to do something, for the failure to do which an action for damages lies — that he may be sued in the parish where the damage is done.
 

 The Court of Appeal, after reviewing the jurisprudence on this subject, concluded that, inasmuch as the defendant was a person, and not a corporation, the question of jurisdiction depended upon whether the fault that was charged against the defendant, in the plaintiff’s petition, was one of commission or of omission. That is the plain meaning of the ninth paragraph of article 165 of the Code of Practice, as amended by the act of 1926, and as explained by the jurisprudence on the subject previous to the amendment by
 
 *73
 
 the act of 19,08. The Court of Appeal held also — and we concur in the holding— that a dog could not he considered as an agent of its owner, and hence that the act committed by the dog in this' instance, in the parish of Orleans, could not be considered as an act committed by an agent of the defendant. But the Court of Appeal held that the allegation that the dog was harbored on the defendant’s premises as a watchdog, and was permitted by the defendant to roam at large about the neighborhood in the daytime, was, in effect, an allegation that the defendant kept the dog confined on his premises at night and, either personally or through an agent or servant, released the dog in the mornings. Conceding, for the sake of argument, that the plaintiff does charge that the defendant, either personally or through an agent or a servant, committed the act of releasing the dog from confinement, the act was committed on the premises of the defendant, in the parish of St. Bernard. It is not alleged, or even suggested, that the defendant, or an agent or a servant of the defendant, placed or led or drove the dog upon the premises, in the parish of Orleans, where the dog did the damage. It is not even alleged or contended that the dog crossed the line between the defendant’s premises and the premises on which he did the damage in the parish of Orleans. On the contrary, the allegation in that respect is merely that the dog was permitted by the defendant “to roam at large about the neighborhood,” and that, at the time when the dog attacked and bit the plaintiff, “said dog was roaming around the yard of the Jackson Barracks,” which is in the parish of Orleans.
 

 Although article 2321 of the Civil Code declares, unqualifiedly, that the owner of an animal is answerable for the damage he has done, the interpretation which has been put upon this article, consistently, by this court, is that the owner of an animal is liable for damages done by the animal only in cases where the owner was guilty of some fault or negligence in his ownership or possession of the animal. That is because article 2321 is merely an amplification of article 2315, which declares that every act whatever of man that causes damage to another obliges him by whose
 
 fault
 
 it happened to repair it; the controlling word in this article being the word “fault.” Accordingly, in Shawhan v. Clarke, 24 La.Ann. 390, it was held that the owner of a horse was not liable for damages done by the horse, where the owner was not guilty of any fault or negligence in the ownership or managment of the horse; and, in Martinez v. Bernhard, 106 La. 368, 30 So. 901, 55 L.R.A. 671, 87 Am. St.Rep. 306, it was held that the owner of a dog was not liable for injuries inflicted by the dog’s biting another person,, where there was no fault or negligence on the part of the owner of the dog. On the other hand, it is well settled that one who owns a vicious dog, knowing the animal to be dangerous, keeps the dog at the owner’s peril; and, if he turns the dog loose, or if the dog gets loose through negligence or imprudence on the part of the owner, and commits damage, the owner is liable therefor. It is virtually so said in article 2321 of the Civil Code, viz.: “Where
 
 *75
 
 the master has turned loose a dangerous or noxious animal, * * * he must pay for all the harm done.” To the same effect was the ruling in Serio v. American Brewing Co., 141 La. 290, 74 So. 998, 1001, L.R.A.1917E, 516, viz.: “One who harbors a dangerous animal on his premises, * * * likely to do mischief, -does so at his peril, and is answerable for all damages which result from its escape.” In that case the dangerous animal was a dog. It was so held also with regard to dogs in the following cases, viz.: Montgomery v. Koester, 35 La.Ann. 1091, 48 Am.Rep. 253; McGuire v. Ringrose, 41 La.Ann. 1029, 6 So. 895; Delisle v. Bourriague, 105 La. 77, 29 So. 731, 54 L.R.A. 420; Bentz v. Page, 115 La. 560, 39 So. 599.
 

 But the article of the Civil Code which we have referred to, and the decisions cited, have reference only to the cause of action, which the plaintiff claims, and not to the question of jurisdiction. We are not called upon now to say whether the plaintiff has a cause of action; and we express no opinion on that question. The plaintiff may have a cause of action without having the right to bring his action in any other parish than that in which the defendant has his domicile.
 

 Among the cases cited by the attorneys in this case, the one that we regard as most appropriate is Devons v. Lee Logging Co., 121 La. 518, 46 So. 612, 613. In that case, the defendant, at its domicile, in Webster parish, furnished the plaintiff a wagon, described “as being old, worn, and defective.” The wagon was furnished for use in Winn parish, and, while the wagon was being used by the plaintiff in Winn parish, a log rolled off of the wagon and injured him physically. He brought suit in Winn parish, for damages, alleging that the defective condition of the wagon was what caused the log to roll off and injure him, and that the defendant was- at fault for delivering the wagon in a defective condition. A plea to the jurisdiction of the district court in Winn parish was sustained, and, on appeal, the ruling was affirmed, on the ground that, although the damage was done in Winn parish, it was not the result of any act
 
 committed
 
 by the defendant in Winn parish. That case is like thisi in that the defective wagon in the case cited was delivered in the parish of the defendant’s domicile, and the dangerous dog in this case was released in the parish of the defendant’s domicile. The only difference between the two cases is between the animate and the inanimate object; and that does not make any difference as far as the question of jurisdiction is concerned.
 

 The word “trespass,” as used in the ninth paragraph of article 165 of the Code of Practice, is used in its broad sense of committing any wrongful act that injures another, and not in the technical sense of committing a trespass upon the property of another. State ex rel. Morgan’s La. & L. R. & S. S. Co. v. Judge, 33 La.Ann. 954, 955; Heirs of Gossin v. C. C. Williams et al., 36 La.Ann. 186, 187; St. Julien v. Morgan’s La. & T. R. & S. S. Co., 39 La.Ann. 1063, 1064, 3 So. 280; Caldwell v. Vicksburg, S. & P. R. Co.,
 
 *77
 
 40 La.Ann. 753, 754, 5 So. 17. In fact, the exception with regard to an action for damages for “trespass,” in its technical sense, is provided for in the eighth paragraph of article 165 of the Code of Practice. This suit was not brought — or claimed to be brought — under the eighth paragraph of article 165 of the Code of Practice. -
 

 As the provisions of article 165 of the Code of Practice are exceptions to the general rule, established by article 162, the provisions of article 165 must be construed strictly and as applicable only to cases which come plainly within those provisions. In the case of Montgomery v. Louisiana Levee Co., 30 La.Ann. 607, 608, and again in Castille v. Caffery Central Refinery & Railroad Co., 48 La.Ann. 322, 19 So. 332, 333, this court, referring to the ninth paragraph of article 165 of the Code of Practice, said:
 

 “It is a familiar rule that statutes in derogation of a common right must be construed strictly. The entire article 165 is an exception to the general rule established by article 162.”
 

 Our conclusion, therefore, is that the civil district court for the parish of Orleans has not jurisdiction over this suit.
 

 The judgment of the Court of Appeal is set aside, and the judgment of the civil district court is reinstated and affirmed, and, accordingly, the suit is dismissed at plaintiff’s cost.