GLADNEY, Judge.
This action is for the recovery of damages resulting from a failure of the lessee to observe the conditions of the lease requiring him to keep and return in good order the leased premises. The defendant excepted to the jurisdiction of the Court ratione personae, and preserving his rights thereunder, answered, denying he had breached his obligation under the lease. The trial court overruled the exception to jurisdiction and rendered judgment in favor of plaintiff in the sum of $1,621.91. From this judgment the defendant has appealed.
On September 29, 1953, plaintiff, acting through his agent, E. B. Smith, entered into a written contract with the defendant for the lease of a gasoline service station located near Springhill, Louisiana, for a period of five years, the defendant binding himself to pay monthly rental of $300. Plaintiff’s petition alleges the defendant breached his obligation to return the premises in substantially the condition in which received, setting forth some seven particulars, namely: (a) Failure to properly restore the concrete surface near the gasoline pumps after digging up a concrete slab; *378 (b) Failure to repair damage to the pump island; (c and d) Failure to return two pumps and to repair four others; (e) Removal of $250 worth of signs; (f) Failure to repair damage to the roof; and (g) Failure to repair and restore the premises generally.
It is clear that plaintiff’s recovery is conditioned solely upon the failure of the defendant to operate the leased premises as a prudent administrator, and upon termination of the lease, to return the leasehold in as good a condition as when he acquired possession thereof.
Appellant, insisting that his exception to the jurisdiction of the court should be sustained, contends that his domicile is in Caddo Parish and that he has been sued in Webster Parish upon an action not embraced within the exceptions provided for in Code of Practice, Art. 165. The petition alleges defendant is a resident of Cad-do Parish. It is the well-recognized rule in civil matters that one must be sued before his own judge, that is to say, before the judge having jurisdiction over the place where he has his domicile or residence, and he is not permitted to elect any other domicile or residence for the purpose of being sued. Code of Practice, Art. 162. This rule is subject to certain exceptions provided by the law, among which is that relating to the venue of an action of trespass provided for by subdivision 9 of the Code of Practice Art. 165. It reads:
“In all cases where any person, firm or domestic or foreign corporation shall commit trespass, or do anything for which an action for damage lies or where any domestic or foreign corporation shall fail to do anything for which an action for damage lies, such person, firm or corporation may be sued in the parish where such damage is done or trespass committed or at the domicil of such person, firm or corporation.”
Counsel for appellee contends that his action falls under the foregoing exception. We disagree and are of the opinion that the exception should be sustained. In Tripani v. Meraux, 1936, 184 La. 66, 165 So. 453, Tripani, who resided in New Orleans, brought a suit for the recovery of damages allegedly suffered by his being bitten by a dog in the Parish of Orleans, the dog being owned by the defendant, Dr. Meraux, who-resided in and was domiciled in the Parish of St. Bernard. In sustaining defendant’s plea to the jurisdiction ratione personae and dismissing the suit, the Supreme Court said:
“But, as to persons, the law is as it was with regard to corporations, before the law was amended by the act of 1908; that is to say, it is only where a person does something for which an-action for damages lies — not where he fails to do something, for the failure to do which an action for damage lies —that he may be sued in the parish where the damage is done.” Id., 165 So. at page 455. (Emphasis supplied.)
The Court, in holding that the fault charged against the defendant was one of omission, pointed out “the allegation * * * is merely that the dog was permitted by the defendant ‘to roam at large about the neighborhood’ ”, when it attacked and bit the plaintiff. This decision represents the law as it presently exists in this-state. In a recent decision of this court, Gibbs v. Stanfill, 2nd Cir., 1957, 94 So.2d 582, 583, Judge Hardy pointed this out and recognized that a distinction must be made as to whether the injurious act for which damages are claimed, is one of commissioner omission. In the cited case, however, plaintiff’s petition charged the defendant with dispossessing plaintiff and with “conniving” with his tenant; with “interference with his possession”, and other acts which were unquestionably acts of commission.
In the instant case plaintiff’s action rests entirely upon breaches of the contract of lease. In Weber v. H. G. Hill Stores, Inc., 1945, 207 La. 500, 21 So.2d 510, 511, the Supreme Court sustained an exception to *379 the jurisdiction ratione personae filed on behalf of the defendant. The Court stated that the action so brought by the plaintiff was not within the exception provided for by Code of Practice Art. 165, subpara-graphs 8 and 9, and gave the following reasons for that conclusion:
“ * * * While the plaintiff seeks an interpretation of the contract, he, at the same time, asks to recover more than $10,000 on the interpretation placed thereon by himself. This, in our opinion, constitutes a moneyed demand for an amount alleged to be due under the terms of the lease, which clearly comes within the purview of the general rule that a defendant must be sued in the courts of his domicile. The plaintiff’s alternative demand to reform the lease is also a personal right which can only be enforced in the courts of the defendant’s domicile.”
In Hayes et ux. v. Oertel, La.App. Orleans, 1940, 195 So. 388, the court held that the failure to repair a defect is merely passive negligence, for which an action will lie only in the parish of the defendant tort-feasor’s domicile, but that the negligent erection of a dangerous structure is “active negligence”, an action for which will lie either in the parish of defendant’s domicile or in the parish where the damage was done.
In White v. Lockhart, 1956, 229 La. 611, 86 So.2d 397, the court approvingly quoted from its decision in Tripani v. Meraux, 1936, 184 La. 66, 165 So. 453, 456, which construed the word “trespass”:
“ ‘The word “trespass,” as used in the ninth paragraph of article 165 of the Code of Practice, is used in its broad sense of committing any wrongful act that injures another, and not in the technical sense of committing a trespass upon the property of another. State ex rel. Morgan’s La. & L. R. & S. S. Co. v. Judge, 33 La.Ann. 954, 955; Heirs of Gossin v. Williams et al., 36 La.Ann. 186, 187; St. Julien v. Morgan’s La. & T. R. & S. S. Co., 39 La.Ann. 1063, 1064, 3 So. 280; Caldwell v. Vicksburg, S. & P. R. Co., 40 La.Ann. 753, 754, 5 So. 17.’" 86 So.2d at page 399.
After consideration of the allegations of plaintiff’s petition and the foregoing authorities, it is our opinion that the record presented herein reflects no act of commission which would bring plaintiff’s action under the exceptions provided by Code of Practice, Art. 165(9). Suit should have been instituted against the defendant at his residence or domicile in Caddo Parish. It is unnecessary for us to pass on the other issues presented on this appeal.
Accordingly, the judgment from which appealed is annulled, reversed and set aside, and it is now ordered that the defendant’s exception to the jurisdiction ratione personae be maintained with dismissal of plaintiff’s suit as of nonsuit, appellee to pay all costs.