sive to any allegation in the petition. Sauer v. Oil Co., 43 La. Ann. 707, 9 South. 566.

Plaintiff alleges that his son was employed to adjust slides just above the machines, and he offered the witness Higginbotham to show that he was thus engaged when he fell, striking his head against the edge of a step and killed. And the irrelevant testimony with reference to the machinery overhead found in the record does not support plaintiff's allegation that there was fault and negligence on the part of defendant. The deceased was directed to oil the machinery in the morning before it was started; and, if he suspected that an oil box had become heated, he should have used a ladder to ascertain the condition of the box, which ladder was conveniently placed for that purpose. But Mr. Higginbotham, witness for plaintiff, and the only witness to any part of the accident, says that the deceased was operating the slide by means of which the machines were being fed; and he was not therefore oiling the machinery or investigating a supposed hot box. Further, the hot boxes which he was charged by the miller to report upon were attached to the paddy machines, and not placed over them.

The verdict and judgment are set aside, the demand of plaintiff is rejected, and the suit is dismissed, with costs in both courts.

---

(54 South. 826.)

No. 18,302.

TREMONT & GULF RY. CO. v. LOUISIANA & A. RY. CO.

(March 27, 1911.)

*(Syllabus by the Court.)*

1. NATURE OF POSSESSION OF LAND.

The property in dispute was taken possession of by defendant without objection from plaintiff's author.

2. RIGHTS OF PLAINTIFF.

The plaintiff is without right to put an end to that part of defendant's road over the right of way in possession of defendant.

3. PUBLIC SERVICE CORPORATION.

The use was for a public service corporation as admitted by defendant, and not for a private service corporation, as argued.

4. EMINENT DOMAIN (§ 288*)—ACTION FOR POSSESSION OF LAND TAKEN BY RAILROAD —LIMITATIONS—PRESCRIPTION.

Plaintiff's demand to have the road demolished is barred by the prescription of two years.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 783–788; Dec. Dig. § 288.*]

Appeal from Fifth Judicial District Court, Parish of Winn; George Wear, Judge.

Action by the Tremont & Gulf Railway Company against the Louisiana & Arkansas Railway Company. Judgment of dismissal, and plaintiff appeals. Affirmed.

Stubbs, Russell & Theus, for appellant. Henry Moore and White, Thornton & Holloman, for appellee.

BREAUX, C. J. This is a petitory action.

Plaintiff and defendant are public carriers of freight and passengers.

Plaintiff claims: The ownership of a strip of land described in its petition, and avers that it needs it for railway purposes. That defendant had unlawfully and without its consent taken possession of this strip of land and constructed thereon what is known as a stub track. Trespass is charged by plaintiff.

It claims the right to have the defendant company ousted from its possession, as it needs the land to extend its own railway thereon.

Plaintiff alleges that it is entitled to damages for the full value of the land, together with damages, prayed for in the alternative, fixed by it at $10,000.

Defendant denies that it took any unlawful possession of plaintiff's land or that it is a trespasser.

Defendant avers that over two years before this suit was instituted and long before plaintiff became the owner of the land it, defendant, built its track on it under a contract, dated April 1, 1907, entered into with

Selden & Wright, owners of a planing mill at Winnfield, and that in accordance with that contract the firm of Selden & Wright was to furnish the right of way, and guarantee to defendant other rights in connection with the said right of way in order, as we understand, to induce the defendant to extend its road for the benefit of the planing mill.

Defendant further substantially states that it has been using this track since as a public service corporation; that it went into possession with plaintiff's knowledge and assent, and that not the least complaint was heard from plaintiff before this suit was brought; that it is now bound to continue in operating its road over this spur track, and that it cannot remove the spur without special order from the Railroad Commission.

Defendant pleads estoppel by reason of the fact that it is in possession under circumstances before mentioned, and that now plaintiff has no right to compel it to demolish its road over the spur.

Defendant pleaded the prescription of one and two years.

The whole area in question is worth a very small amount.

It is admitted by all parties to the suit that the Winn Parish Lumber Company, the first buyer to whom the title is traced, purchased the property from the Bodcaw Lumber Company, and that by mesne conveyance it became the property of defendant over two years before this suit was brought.

Defendant's road over this spur was completed in 1907.

The president of the plaintiff road testified that plaintiff's officers did not know of defendant's spur track at the time, and that, if they had known it, they would have objected.

The fact is that no survey had been made, and plaintiff did not know that it was the owner of the land until a survey was made some time after defendant had built its road.

Plaintiff alleges that possession of this track is worth over $2,000.

It is admitted that the property in dispute was taken possession of and occupied by defendant company under an agreement, as before mentioned, with Selden & Wright; that the last-mentioned firm bound itself to furnish defendant all the lands necessary for the right of way.

1. The district court rendered judgment in favor of defendant, dismissing the suit.

The court reserved to plaintiff the right to sue for the value of the property and damages.

On this appeal plaintiff asks us to annul the judgment; that it be decreed the owner of the land, and, in addition, entitled to possession.

It follows that there are no other issues presented.

The demand for damages and for value of the land has been abandoned.

The land in controversy was owned by plaintiff.

The first contention of plaintiff is that the property was not taken possession of by defendant for public use, but that it was taken possession of for the private use and benefit of Selden & Wright, owners of the planing mill reached by the spur track; that the purpose is to handle the products of that mill for defendant.

From this plaintiff argues that the railroad company has no authority to go into possession of or to have lands condemned for a spur track to a private enterprise.

Plaintiff cites a number of authorities, among them, Kansas City, S. & G. Ry. Co. v. Louisiana W. R. Co., 116 La. 178, 40 South. 627, 5 L. R. A. (N. S.) 512.

The question is one of fact; that is, whether this enterprise was conducted exclusively in the interest of a private venture, and not at all for the public.

And, again, the plaintiff states in the brief that the defendant handles shipments over

the track in question for an ice plant in addition to the planing mill and for the planing mill as well.

Perhaps this would not be very conclusive evidence if it were not for the following admission of record, made by plaintiff, to wit:

That since the date of the completion of said spur defendant has used it and operated its train thereon as a public service corporation, and that it is used in serving the ice plant and the planing mill.

This is certainly a direct admission that the defendant is using it for the public service.

[3] Although it may require a little exaggeration to think that an ice plant and a planing mill are engaged in serving the public, they certainly are to a certain extent.

But on this point the admission of plaintiff is too direct to admit of a construction that the defendant is not engaged as a public service corporation in operating this spur.

### 2. Extent of Defendant's Possession.

[1] Before plaintiff became the owner of the land, defendant was in possession. Plaintiff's author urged no objection.

[4] It is now well settled in jurisprudence that the owner of land entered upon and taken possession of by a public service railroad company must timely object in order to sustain its title to the land and to have the railroad demolished and the company ousted from possession.

This question has been very much litigated, and has given rise to suits.

By degrees, in order that the public might have the services of these corporations, and to put an end to the possibility of interrupting travel and interrupting the transportation of freight, it was decided the complaining owner who had acquiesced and assented would have the right exclusively to the value of land and to damages.

After the leading cases upon the subject had been rendered in the St. Julien Cases, 35 La. Ann. 924, and 39 La. Ann. 1063, 3 South. 280, the Legislature provided for a short term of prescription, two years. Rev. Civ. Code, art. 2630; Rev. St. § 1479; Rev. Civ. Code, art. 3536 (notes).

In this instance plaintiff's claim is barred by the prescription.

Plaintiff urges that the plea of prescription cannot be sustained because the officers of plaintiff's road did not know that defendant was running on its lands.

We have noted before that defendant's possession dated from a time before the plaintiff became the owner.

As the right of possession was acquired by defendant some time anterior to the ownership by plaintiff, the plaintiff cannot be heard to urge that no right at all was acquired by defendant. It was a matter originally between defendant and plaintiff's vendor, which in this particular instance and under special laws binds the plaintiff itself in so far as relates to defendant's possession.

[2] If its vendor acquiesced or in any way assented to the possession of defendant and to the construction of its road, it is bound, and the plaintiff, it follows, is bound also. Plaintiff did not acquire from its vendor more rights than the vendor himself possessed.

After two years, the thing reached a point of finality as relates to possession.

If it were an original question, we would be slow to arrive at the conclusion before expressed.

There are a number of decisions upon the subject. It is now settled.

Where there was acquiescence on the part of the owner or he merely stood by while the work was being done, and said nothing, he is not in a position to claim the value of the land.

Since the leading cases were handed down,

the courts have always held substantially that failure to object was sufficient to render the rule of prescription effective.

The plaintiff road has less to complain about than the average owner of land for it is of the number in whose behalf the ruling was made originally at a time when landowners were decidedly favorable to the construction of railroads through the country.

In view of precedents, we are constrained to decline to order the demolition of this railroad.

The next proposition of plaintiff is that, when two railroads are in need of the same ground for the same purpose, one cannot destroy the other by expropriating its road.

There is a modus vivendi upon this subject which we will not stop to discuss.

It is sufficient to state in answer that the action is not one for expropriation; nor does the question arise of one railroad absorbing the other or any part of the other.

The plea of prescription is applicable here in favor of a railroad company which has possession and only claims possession to the extent that it is necessary for its own public service.

For reasons stated, the judgment appealed from is affirmed.