**VODOPIJA v. GULF REFINING CO.**
No. 13784.

United States Court of Appeals
Fifth Circuit.

July 24, 1952.

Sam Monk Zelden, New Orleans, La., for appellant.

Henry H. Chaffe, New Orleans, La., Melvin Evans, Frederick E. Greer, Woodrow W. Jackson, Shreveport, La., Archie D. Gray, Houston, Tex., for appellee.

Before HOLMES, RUSSELL and RIVES, Circuit Judges.

RIVES, Circuit Judge.

This suit was brought for an alleged trespass by the defendant on 50 acres of the bed of Quarantine Bay in Plaquemines Parish, Louisiana, which area was covered by an oyster lease originally granted by the State of Louisiana on September 24, 1941, and afterwards acquired by plaintiff on August 28, 1947.

The acts of defendant, Gulf Refining Company, which were alleged to constitute the trespass were largely stipulated and consisted in the dredging of a channel 90 feet wide and 2 feet deep across a part of the area covered by the oyster lease of plaintiff for the purpose of hauling in a drilling barge and equipment; the drilling of an oil well on a part of the bay area covered by the oyster lease and operations incidental thereto; the laying of pipe lines across the area covered by the oyster lease and the dredging of another channel; and the drilling of an additional oil well in another tract of the Quarantine Bay area in the vicinity of plaintiff's oyster lease. All of these activities of defendant were alleged to have caused mud, oil, bleedwater and other waste materials to be discharged into that portion of Quarantine Bay covered by the oyster lease, and to have damaged the oysters on the bed of the bay and the oyster reef used in cultivating such oysters in such manner as to render them practically worthless.

In conducting the above described operations defendant purported to act under authorization of a mineral lease granted by the State of Louisiana on February 20, 1928, and subsequently acquired by defendant in September, 1936.[1] It was stipulated that this mineral lease was in full force and effect during the period when the trespass was alleged to have occurred and that it included, among other areas, the Quarantine Bay tract covered by the oyster lease to plaintiff.

The case was tried by the District Court without a jury, and after the plaintiff had completed presentation of his evidence, defendant, acting under Rule 41(b), F.R.C.P., 28 U.S.C.A., moved for a dismissal of plaintiff's suit on the ground that upon the facts and the law plaintiff had shown no right to relief. The Court, in sustaining defendant's motion, found that although the mineral lease of defendant antedated plaintiff's oyster lease, that such fact was not controlling; that this case is governed by the rule that every person must so exercise his rights as not to unduly or negligently injure

---

1. The mineral lease originally provided that the State of Louisiana "does hereby let and lease unto the said M. Hession, his heirs and assigns the hereinafter described property for the purpose of exploiting the same for, and producing therefrom oil, gas, or other minerals in and under said lands, as also the exclusive right of drilling and operating thereon, for oil or gas, together with a right of way for, and a right to lay pipe lines to convey water, oil, steam and gas, and a right to have sufficient water, oil and gas from the premises to drill and operate any wells that the said lessee may bore thereon, and also such other privileges as are reasonably requisite for the conduct of said operations."

others; that the burden of proof was on the plaintiff to show that in exercising its rights under the mineral lease the defendant had not used due care but had negligently injured plaintiff; and that since there was no allegation or proof that defendant had negligently or wrongfully exercised its rights under the mineral lease, under the decision of the Supreme Court of Louisiana in Doucet v. Texas Company, 205 La. 312, 17 So.2d 340, relied upon by the plaintiff, plaintiff had failed to carry his burden of proof. Judgment was accordingly entered for the defendant and this appeal ensued.

Appellant contends that under the law of Louisiana relating to an action for trespass the District Court erred in dismissing the suit because where the trespass alleged is committed willfully, and in disregard of the property and rights of others, negligence need not be alleged or proved, the injury itself being sufficient to sustain the action, citing inter alia, St. Julien v. Morgan's L. & T. R. & S. S. Co., 39 La.Ann. 1063, 3 So. 280; Gliptis v. Fifteen Oil Company, 204 La. 896, 16 So.2d 471.

■ Appellee contends that in conducting the operations complained of it acted strictly in accordance with its authority under the mineral lease; that it was neither a trespasser nor was it guilty of any negligence or wanton disregard of plaintiff's property rights; that when the oyster lease was originally granted the grantee and his subsequent assignee, plaintiff, had notice under the terms of Act No. 67 of 1932, Louisiana Acts, LSA–R.S. 56:421 et seq., and the Louisiana recording statute, LSA–Civ.Code, art. 2266 that the whole of Quarantine Bay was already covered by the mineral lease and that the rights of oyster lessees in and to the property were therefore subject and subordinate to the proper exercise of the rights of the mineral lessee under the prior existing mineral lease.

We agree with the appellee. The cases relied on by the appellant show that to constitute a trespass there must be an *unlawful* physical invasion of the property or possession of another. We think the District Court properly held that the burden of proof was on the plaintiff to show that his damages, if any, were due to negligence on the part of the defendant, or to its disregard of plaintiff's rights under his oyster lease. This plaintiff failed to do. The petition nowhere alleges that the acts complained of were improperly or negligently done in the exercise of defendant's rights under its mineral lease and there is no evidence to that effect in the record.

■ The specifications of error urged by appellant are based on the false assumption that the actions of defendant in conducting the oil drilling operations actually constituted a trespass on the oyster lease. The mere allegation and contention that defendant was a trespasser does not in law or in fact make defendant a trespasser. In the case of Doucet v. Texas Company, 205 La. 312, 17 So.2d 340, 341, the Supreme Court of Louisiana said: " * * * a careful study of Section 1 of Act No. 258 of 1926 will disclose that it was the legislature's intention to thereby permit the state to grant mineral leases in such beds and bottoms without the necessity of securing the consent of the persons to whom oyster leases were granted."

The defendant had the legal right and in fact was obligated under its mineral lease reasonably and properly to develop the bay area covered by the lease for oil production and the rights of plaintiff under its oyster lease were subject and subordinate to that right.

The judgment is

Affirmed.